UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CRAIG CUNNINGHAM,

    Plaintiff,

v.

MICHAEL MONTES, Tollfreezone.com, Inc.,     Case No. 16-cv-761
Mydataguys.com, LLC, Podmusicgear.com, Inc.,
Tollfreezone.com, Inc., dba Docauditor.com,
Tollfreezone.com, Inc., dba Mobile Trackme,
Emailmyvmail.Com, Inc., and John and Jane Does 1-10,

    Defendants.

## COMBINED BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND EXTEND TIME FOR FILING RESPONSIVE PLEADINGS AND IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

This brief addresses several filed motions relating to Michael Montes, tollfreezone.com, Inc., mydataguys.com, LLC, podmusicgear.com, Inc., and emailmyvmail.com, Inc. ("Defendants"): Defendants' motion to set aside default and extend time for filing responsive pleadings, and Plaintiff's motion for default judgment. Defendants request the Court set aside the entered default pursuant to Fed. R. Civ. P. 55(c) and extend the time for these Defendants to file responsive pleadings pursuant to Fed. R. Civ. P. 6(b)(1). Defendants also request the Court deny the Plaintiff's motion to enter a default judgment against them. These actions will permit the parties and the Court to address the merits, or lack thereof, of this lawsuit.

The lawsuit was filed by a *pro se* Plaintiff resident of Tennessee concerning alleged Telephone Consumer Protection Act ("TCPA") violations for which the Plaintiff seeks hundreds of thousands of dollars in damages. The individual defendant, Michael Montes, operates the

companies identified as Defendants in this lawsuit. However, only one of these companies has anything to do with auto-dialed phone calls. Tollfreezone.com, Inc., operates an online platform through which others can make auto-dialed phone calls.

The crux of the motions regard service of the summons and complaint upon the Defendants. Presumably, the sole basis for the Plaintiff filing his Complaint in this district is that Plaintiff thought Montes owned and lived in a house in St. Croix County. However, this real estate is owned by a trust, not Michael Montes personally, and is rented to tenants. None of the Defendants are Wisconsin residents and do not reside in Wisconsin.

Late last year Montes received a call from a sheriff's deputy attempting to serve a lawsuit in St. Croix County. Defendant Michael Montes was aware of a lawsuit filed against him in the United States District Court for the Middle District of Tennessee. In talking with the deputy he believed the lawsuit being served was the Tennessee suit.

Montes learned recently from one of the other defendants in the Tennessee lawsuit that the Plaintiff had filed a lawsuit in this district. By that time, however, Plaintiff had received permission to serve the Summons and Complaint by publication, obtained the entry of a default against the Defendants, and was seeking the entry of a default judgment. Upon learning of the existence of the present lawsuit, Montes promptly retained present counsel to defend the Defendants' interests.

Under the circumstances, the Court is justified under Fed. R. Civ. P. 55(c) and 6(b)(1) to set aside the default, extend the time for Defendants to respond to the Plaintiff's lawsuit, and deny the Plaintiff's motion for default judgment.

## STATEMENT OF PERTINENT FACTS

The United States District Court for the Middle District of Tennessee logs more than sixty lawsuits filed by Craig Cunningham. (Affidavit of Atty. Kevin Trost, ¶ 2, Ex. A.) One of these lawsuits filed in 2016 named Michael Montes and several other individuals and companies as defendants. (*Id.*) (*Cunningham v. Shoutpoint, et. al.*) Unbeknownst to Montes, Cunningham also filed a lawsuit in the United States District Court for the Western District of Wisconsin on November 17, 2016. [Dkt #1]. The complaint in the present action bears a caption stating "United States District Court Middle District of Tennessee." (*Id.*)

In late November 2016, Montes spoke with a St. Croix County sheriff's deputy who was attempting to serve a lawsuit upon him at a property at 1731 50th St., Somerset, Wisconsin. (Declaration of Michael Montes ("Montes Dec."), ¶ 2.) Montes advised the officer the property is a rental property and he does not live there or anywhere else in Wisconsin (*Id.*) In fact, the property is owned by a trust, not Montes personally. (*Id.,* ¶ 3.) The property tax record for this address states the property is owned by "Montes, Michael and Amy TR", which is the county's abbreviation on its website for trust. (*Id.*, ¶ 3, Ex. A.) Michael Montes is not a resident of Wisconsin. (*Id.,* ¶ 2.) In talking with the deputy, Montes came to believe the deputy was trying to serve the lawsuit filed in the Middle District of Tennessee. (*Id.*)

On January 9, 2017, Plaintiff sought permission from this Court to serve Montes and the other Defendants by publication in St. Croix County. [Dkt # 3]. On February 27, 2017, the Court granted the Plaintiff's motion and entered an order permitting service by publication with the requirement that "Cunningham must file proof of service with the court within 45 days of the date of this order." [Dkt # 4].

On April 14, 2017, forty-six days after the entry of the Court's order, Plaintiff filed a Motion for Clerk's Entry of Default and proof of newspaper publication. [Dkt # 6, 7]. The clerk promptly entered a default against the Defendants on the same date. [Dkt # 8].

On May 8, 2017, Plaintiff filed a Motion for Default Judgment and Request for a Hearing on Damages as well as an Affidavit of Phone Calls and Damages in this case. [Dkt # 9, 10].

In late May 2017, Michael Montes was made aware of the existence of the present lawsuit by one of the individual defendants in the lawsuit filed in the Middle District of Tennessee. (Montes Dec., ¶ 4.) He immediately contacted present counsel to appear and defend against Plaintiff's claims in this action. (*Id.*)

## STANDARD OF REVIEW

Although decisions to grant motions under Fed. R. Civ. P. 55(c) and 6(b) are discretionary, the Seventh Circuit Court of Appeals has a "well-established policy favoring a decision on the merits" instead of the entry of a default or default judgment. *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3 799, 811 (7th Cir. 2007); *see also* 10A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice & Procedure* § 2693 (1998)("[F]ederal judges view default judgments with disfavor; as a result, they favor trials on the merits with full participation by all the parties.")

## ARGUMENT

I. **GOOD CAUSE EXISTS TO ACCEPT THE FILED ANSWER OF DEFENDANTS AND VACATE ANY ENTRY OF DEFAULT AGAINST THEM**.

A court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). To determine if a movant has established good cause for setting aside a default, the court employs a three pronged test, considering whether the movant has established (1) good cause for default;

4

(2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint. *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994)(*citing United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989). While this test is employed in both the determination of whether to vacate defaults and default judgments, the Seventh Circuit has expressed a desire for the test to be "more liberally applied" in the granting of relief from defaults under Fed. R. Civ. P. 55(c). *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009). The circumstances of the present case satisfy each of the three inquiries of the test and merit the acceptance of the Defendants' filed answer and the setting aside of any entry of default against it.

     A. <u>Good Cause Exists to Set Aside Default</u>.

Until late May 2017, Defendant Montes had no knowledge that the present lawsuit existed. In his one contact by telephone with the St. Croix County sheriff's deputy, he believed the deputy was trying to serve a lawsuit that had been filed against him by Craig Cunningham in the United States District Court for the Middle District of Tennessee. (Montes Dec., ¶ 2.) It was only in late May 2017, when he was alerted by one of the defendants in the Tennessee lawsuit, that he came to realize the Plaintiff had filed an action in the Western District of Wisconsin. (*Id.*, ¶ 4.) Once aware of the existence of the lawsuit, Montes took prompt action to join the litigation. (*Id.*)

Moreover, Plaintiff was not entitled to the entry of default against the Defendants in this lawsuit. In the Court's order dated February 27, 2017, Plaintiff was permitted to serve the Defendants by publication. [Dkt # 4]. However, the order explicitly stated, "3. Cunningham must file proof of service with the court within 45 days of the date of this order." (*Id.*) Plaintiff filed the proof of service by publication on April 14, 2017, which is forty-six days after the date

of the Court's order. [Dkt # 7]. Thus, Plaintiff was in violation of the Court's order governing service by publication at the time he requested the entry of default against the Defendants. Plaintiff should not be permitted to take advantage of his non-compliance with the Court's order. The entry of default should be set aside.

      B. <u>Defendants Took Quick Action to Correct any Default</u>.

When Montes learned in late May 2017 that the Plaintiff had filed an action in the Western District of Wisconsin and was seeking the entry of a default judgment, he took prompt action. Montes diligently retained local counsel and filed a notice of appearance, answer, and affirmative defenses on June 1, 2017. These filings within several days of being made aware of the Plaintiff's lawsuit show that these Defendants took quick action to remedy any deficiency and join the litigation.

      C. <u>Defendants have a Meritorious Defense to the Lawsuit</u>.

The Defendants possess a meritorious defense to the Plaintiff's lawsuit on jurisdictional and substantive grounds. First, personal jurisdiction over the Defendants is lacking as the Plaintiff's basis for serving the Defendants in St. Croix County is unfounded. None of the Defendants reside, were formed in, or transact business in Wisconsin. (Montes Dec., ¶¶ 1, 2.) Additionally, no basis exists for Plaintiff's lawsuit to be adjudicated in the Western District of Wisconsin as Plaintiff is a Tennessee resident, Defendants do not reside or transact business in Wisconsin, and the alleged illegal activity did not take place in the Western District. (*Id.*); *see also* Dkt # 1 (Plaintiff's Complaint), Dkt # 10 (Plaintiff's Affidavit of Phone Calls and Damages in this Case).

Substantively, the majority of legal entity defendants have no involvement in auto-dialed phone calls. Podmusicgear.com, Inc., is an apparel manufacturer that makes hats embedded with

6

speakers. (Montes Dec.,¶ 5.) Emailmyvmail.com, Inc., is a cell phone application that will record a user's cell phone calls. (*Id.*) Mydataguys.com, LLC, sells business to business data. (*Id.*) The Complaint also references Docauditor.com and Mobile Trackme.com. [Dkt # 1] These domain names are not businesses and are simply domain names. (Montes Dec., ¶ 5.) The claims against all of these entities are frivolous on their face.

Tollfreezone.com, Inc., is a legal entity that runs an online platform for use by others to place auto dialed phone calls. (*Id.*, ¶ 5.) The company does not select or control the phone numbers that are called by those using the system. (*Id.*) Users enter their own phone numbers to call, load their own message to send out, set their own times and dates to call out, and determine if they need to exclude numbers listed on the federal do not call list or exclude cell phone numbers. (*Id.*) Typical users include political candidates, municipalities, and school districts that need to transmit emergency notifications. (*Id.*) This entity has no involvement in the actions taken by those using its online platform and is subject to dismissal under the Communications Decency Act, among other reasons.

Individual defendant Montes has not called any of the phone numbers listed in Plaintiff's Complaint and has had no involvement in the selection of any phone numbers called by any person or entity using the online dialing platform. (*Id., ¶* 6.)

**II**.     **DEFENDANTS MEET THE EXCUSABLE NEGLECT STANDARD FOR AN EXTENSION OF TIME TO FILE THEIR ANSWER**.

Under Fed. R. Civ. P. 6(b)(1)(B), a court is permitted to extend the time to accommodate a filing that did not occur timely due to excusable neglect. The Rule states "When an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1).

The inquiry into excusable neglect takes into consideration all of the relevant circumstances surrounding a party's failure to act, to wit: danger of prejudice to the opposing party; length of delay and its potential impact upon judicial proceedings; reasons for the delay including whether it was in reasonable control of the movant; and whether the movant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006)(approving application of *Pioneer* in Seventh Circuit cases involving excusable neglect).

Under the circumstances of this case, Defendants actions satisfy the requirements of excusable neglect to request an extension of time to file their responsive pleadings. Defendants had a reasonable basis for not timely appearing and filing responsive pleadings. They had not received the complaint and were not aware of the present lawsuit until late May 2017. [Dkt #3, ¶ 2];(Montes Dec., ¶ 2). Montes only had one communication with someone regarding this lawsuit. (Montes Dec., ¶ 2). During this conversation with a St. Croix County sheriff's deputy, Montes believed he and the deputy were discussing a lawsuit that Plaintiff had filed against him in Tennessee. (*Id.*)

Defendants acted in good faith upon learning of the present lawsuit. Defendants retained Wisconsin counsel and directed a notice of appearance, answer, and affirmative defenses be filed in order to protect their rights. These filings were made on June 1, 2017, within just a few days of being made aware of this lawsuit. Such quick actions show that Defendants acted in good faith to join the litigation upon realizing an action had been filed against them in the Western District of Wisconsin.

There is no prejudice or harm to the Plaintiff if the Court extends the filing deadline for Defendants' responsive pleadings. The lawsuit is at its beginning. No discovery has been undertaken, initial disclosures have not been made, and no scheduling conference has been held.

In sum, Defendants had a reasonable basis for not timely filing their responsive pleadings because they were not aware of the present lawsuit. Defendants took immediate steps to file responsive pleadings as soon as they became aware of the lawsuit. Further, no prejudice will result from allowing the filing of Defendants' answer. Accordingly, Defendants request the Court grant their motion to extend time for them to file responsive pleadings and permit the parties to proceed to address jurisdictional issues and, potentially, the merits of Plaintiff's claims.

**III.** **THE SIGNIFICANT DAMAGES CLAIMED BY THE PLAINTIFF JUSTIFY PERMITTING THE PARTIES TO ADDRESS THE MERITS OF THE LAWSUIT.**

The significant damages claimed by the Plaintiff justify permitting the Defendants to defend the litigation on the merits. Where the amount of damages claimed has been "substantial" and a defendant subject to default had acted in good faith, courts have found that relief from default was appropriate. *O'Brien v. R.J. O'Brien & Amose, Inc.*, 998 F.2d 1394, 1401 (7th Cir. 1993); *see also Sims v. EGA Products, Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) ("[d]amages disproportionate to the wrong afford good cause for judicial action, even though there is no good excuse for the defendant's inattention to the case.")

In this case, the Plaintiff filed an affidavit with his motion for default judgment claiming $528,450.00 in damages for violations of the TCPA. (Dkt 10, ¶ 3.) The Plaintiff alleges these damages arose as a direct and proximate result of the Plaintiff's receipt of phone calls to his cell phones from various phone numbers. (*Id.*) Such claims for damages raise obvious questions about whether the Defendants have any legal responsibility for the calls and whether the phone calls were even placed through an online dialer owned by any of the Defendants. The significant

nature of the damages sought in this matter further merits granting the Defendants relief and permitting them to defend themselves against the Plaintiff's claims.

## CONCLUSION

For the foregoing reasons, Defendants request the Court grant their motion and set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) and enlarge the time for the filing of their answer under Fed. R. Civ. P. 6(b)(1). Defendants also request that the Court deny the Plaintiff's related motion to enter default judgment.

Dated this 1st day of June, 2017

AXLEY BRYNELSON, LLP

*s/ Kevin D. Trost*
Kevin D. Trost, State Bar No. 1028231
Attorneys for Defendants
P.O. Box 1767
Madison, WI 53701-1767
Tel: (608) 257-5661
Fax: (608) 257-5444
E-mail: ktrost@axley.com

F:\EAFDATA\9602\47237\02266660.DOCX