IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRAIG CUNNINGHAM,

                Plaintiff,

v.

MICHAEL MONTES, TOLLFREEZONE.COM, INC.,
MYDATAGUYS.COM, LLC,
PODMUSICGEAR.COM, INC.,
EMAILMYVMAIL.COM, INC., and
JOHN/JANE DOE 1-10,

                Defendants.

OPINION & ORDER

16-cv-761-jdp

---

Plaintiff Craig Cunningham filed suit against defendant Michael Montes and his businesses, alleging that defendants called Cunningham's cell phone using an autodialer, in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b) and (c). Dkt. 1. Montes avoided personal service. So, with the court's permission, Cunningham served Montes and the defendant businesses by publication. After the answer deadline passed with no response from Montes, the court entered default, Dkt. 8, and set a hearing on Cunningham's default judgment motion, Dkt. 9.

Shortly before the hearing, Montes and the defendant businesses answered the complaint and moved to set aside default and dismiss the case for lack of personal jurisdiction. Dkt. 13 and Dkt. 14. At the June 20, 2017 hearing, the court determined that defendants did not show good cause to set aside default, but stayed consideration of Cunningham's motion for default judgment pending a determination of whether defendants are subject to the court's personal jurisdiction. Dkt. 26. On July 18, 2017, the court held a hearing regarding personal jurisdiction. Cunningham appeared pro se; defendants appeared

by counsel. For the reasons stated during the hearing and summarized here, the court finds that defendants are subject to the court's personal jurisdiction and so will deny defendants' motions and enter default judgment in Cunningham's favor.[1]

The evidence submitted by defendants prior to the hearing indicates that Amy Montes, Michael Montes's wife, runs an event business from a farm in Somerset, Wisconsin. Amy and Michael Montes are the settlors and beneficiaries of a trust that owns the Somerset farm. The Monteses travel to Wisconsin frequently, often for several weeks at a time. In 2016 and 2017, they have spent approximately one third of their time in Wisconsin. Montes indicated in his declaration that he lives in San Juan Capistrano, California, and has lived there for the past three years. He also indicated that the defendant businesses are "set up for" the San Juan Capistrano address. Dkt. 29, ¶ 7.

At the hearing, Cunningham presented a dossier of documents, many of which he obtained by subpoena, showing that Montes has made numerous payments to Wisconsin businesses (including a Somerset church) from a bank account registered to defendant Tollfreezone.com, Inc. The defendant businesses' emails listed a Somerset, Wisconsin, PO Box address during 2015 and 2016. Montes posted numerous photos online of children—Cunningham says Montes's children—playing football on the Somerset team and performing in a Somerset music recital. (Bank records indicate that Montes rented musical instruments from a Wisconsin business, possibly the same instruments used in the recital.) Montes's

---

[1] The John and Jane Doe defendants were not mentioned in Cunningham's motion or during either hearing. Because Cunningham did not allege any specific claims against the Doe defendants in his complaint and default was not entered against them, the court will dismiss the Doe defendants from the suit.

counsel confirmed that Montes and his wife are not separated and that when Montes visits Wisconsin, he stays at the Somerset farm.

## A. Personal jurisdiction

Cunningham bears the burden of proving personal jurisdiction by a preponderance of the evidence. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). Cunningham must demonstrate that defendants fall within Wisconsin's personal jurisdiction statute, Wis. Stat. § 801.05, which has been interpreted to confer "jurisdiction 'to the fullest extent allowed under the due process clause.'" *Felland v. Clifton*, 682 F.3d 665, 678 (7th Cir. 2012) (quoting *Daniel J. Hartwig Assocs., Inc. v. Kanner*, 913 F.2d 1213, 1217 (7th Cir. 1990)). If Cunningham makes this showing, the burden shifts to defendants to show that exercising jurisdiction over them would offend due process. *Steel Warehouse of Wis., Inc. v. Leach*, 154 F.3d 712, 714 (7th Cir. 1998).

Here, Cunningham has demonstrated that defendants fall within the general jurisdiction provision of Wis. Stat. § 801.05. Section 801.05(1)(d) confers jurisdiction over a defendant who "[i]s engaged in substantial and not isolated activities within this state, whether such activities are wholly interstate, intrastate, or otherwise." The evidence shows that Montes's presence in Wisconsin goes far beyond vacations: his family life is here. And the defendant businesses, which Montes owns, also have substantial contacts with Wisconsin, too—even if they are "set up" in California. So defendants are subject to general personal jurisdiction under Wisconsin's jurisdiction statute.[2]

---

[2] It appears that Montes also falls within § 801.05(1)(a), which confers jurisdiction over "a natural person present within this state when served." Cunningham accomplished service by publication from March 9 to March 23, 2017. *See* Dkt. 7-2, at 3. And Montes admits that he was in Wisconsin from March 22 to April 5, 2017. *See* Dkt. 29, ¶ 5. So Montes was physically present within the state when service was accomplished.

The burden thus shifts to defendants to show that exercising jurisdiction over them would offend due process. Under the Due Process Clause, a "defendant with 'continuous and systematic' contacts with a state is subject to general jurisdiction. . . . The threshold for general jurisdiction is high, the contacts must be sufficiently extensive and pervasive to approximate physical presence." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010). The evidence presented meets this high standard. Defendants have not shown that their contacts with Wisconsin are "isolated or sporadic." *Id.* Montes's visits to Wisconsin are more than occasional. Despite Montes' contention that he lives in California, Cunningham's evidence shows that Montes really lives in Wisconsin. And there is nothing to suggest that an assertion of jurisdiction in this case would violate the "traditional notions of fair play and substantial justice." *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 610 (1990) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Montes has rather persistently sought to evade service in both California and Wisconsin, so there is nothing unfair about calling him into court in the state in which it appears that he has the most substantial personal and business contacts.

Because defendants are subject to the court's general personal jurisdiction, and because the court previously determined that defendants have not shown good cause to set aside default, the court will deny defendants' motions to set aside default and to dismiss the case.

## B. Damages

Default establishes defendants' liability for the TCPA violations alleged in Cunningham's complaint, so the analysis must next turn to damages. The TCPA allows for $500 in damages for each violation of certain statutory provisions. Cunningham indicated in

an affidavit that he received 176 phone calls from defendants and that those phone calls violated § 227(b) and 227(c)(5) of the TCPA, as well as three regulations prescribed under § 227(c), 47 C.F.R. § 64.1200(b)(1), (b)(2), and (d).

Those few courts to have considered the question have determined that a plaintiff may recover multiple statutory damages awards per phone call when the phone call violates multiple statutory provisions of the TCPA, but a plaintiff may only recover one statutory damages award per phone call even if the phone call violates multiple regulations prescribed under § 227(c). *See Drew v. Lexington Consumer Advocacy, LLC*, No. 16-cv-200, 2016 WL 1559717, at *12 (N.D. Cal. Apr. 18, 2016). Under this framework, Cunningham may recover $1,000 per phone call because each phone call violated two statutory provisions of the TCPA.

Cunningham alleges that defendants committed these violations willfully and knowingly, which would allow the court, in its discretion, to increase the amount of the award to not more than treble damages. The court declines to order treble damages because Cunningham has not adduced evidence that defendants willfully or knowingly violated the TCPA.

This yields a total of $176,000 in statutory damages. Cunningham also seeks $450 in costs, bringing the total amount of the judgment to $176,450. Defendants are jointly and severally liable for this amount.

Cunningham asks the court to freeze the defendant businesses' Wells Fargo bank accounts so that Montes cannot transfer money to impede Cunningham's collection efforts. Given Montes's history of evading service, the court finds it appropriate to freeze these corporate accounts until Cunningham has collected the damages awarded. Defendants may

move to release funds upon a showing of necessity. Cunningham may move the court to order funds paid into the court's registry pending appeal.

## ORDER

IT IS ORDERED that:

1. Defendants' motion to dismiss, Dkt. 13, and motion to set aside default, Dkt. 14, are DENIED.

2. Plaintiff Craig Cunningham's motion for default judgment, Dkt. 9, is GRANTED in part, consistent with the opinion above.

3. Defendants John/Jane Doe 1-10 are dismissed from the case.

4. The clerk of court is directed to enter judgment in favor of plaintiff and against defendants Michael Montes, Tollfreezone.com, Inc., Mydataguys.com, LLC, PODmusicgear.com, Inc., and emailmyvmail.com, Inc., in the amount of $176,450 together with interest at the rate allowed by law and close this case.

5. All Wells Fargo bank accounts in the name of defendants Tollfreezone.com, Inc., PODmusicgear.com, Inc., Mydataguys.com, Inc., and Emailmyvmail.com, Inc., are frozen. Defendants are restrained and enjoined from withdrawing or transferring funds in these accounts until further order of the court.

6. Counsel for defendant Michael Montes must, within 24 hours after this order issues, provide a copy of this order to Wells Fargo. Within 72 hours, counsel must confirm to the court that a copy of this order has been provided to Wells Fargo.

Entered July 18, 2017.

BY THE COURT:

_____
JAMES D. PETERSON
District Judge