IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRAIG CUNNINGHAM,

    Plaintiff,
 v.

MICHAEL MONTES, TOLLFREEZONE.COM, INC., MYDATAGUYS.COM, LLC, PODMUSICGEAR.COM, INC., and EMAILMYVMAIL.COM, INC.,

    Defendants.

ORDER

16-cv-761-jdp

---

In this Telephone Consumer Protection Act case, the court entered default judgment against defendants in the amount of $176,450, for which defendants are jointly and severally liable. Dkt. 34 and Dkt. 36. Defendants have appealed this judgment. *See Cunningham v. John & Jane Does*, No. 17-2516 (7th Cir. filed July 25, 2017). The court issued writs of garnishment to three garnishee defendants and froze the defendant businesses' Wells Fargo bank accounts pending collection of damages. Dkt. 46 and Dkts. 53–56. Now defendants move to stay plaintiff Craig Cunningham's post-judgment collection pending appeal. Dkt. 61.

Defendants purport to bring their motion under Federal Rule of Civil Procedure 62(c), but the relief they seek—a stay of execution of a money judgment pending appeal—is governed by Rule 62(d), which requires defendants to post a supersedeas bond. *See BASF Corp. v. Old World Trading Co.*, 979 F.2d 615, 616 (7th Cir. 1992). "[C]ourts have used their discretion to allow the securing of a judgment by means other than supersedeas bonds, in situations in which a substitute security appears to be sufficient to protect the judgment." *Lindquist Ford, Inc. v.*

*Middleton Motors, Inc.*, No. 07-cv-12, 2008 WL 4690515, at *1 (W.D. Wis. Mar. 8, 2008) (citing *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988)).

Here, defendants propose that "any funds obtained through post-judgment collection activities be held in trust pending the outcome of the appeal." Dkt. 62, at 5. This substitute security does not appear to be sufficient. Defendants have not been forthcoming about their financial resources, but they have indicated that they do not have sufficient funds to satisfy the full amount of the judgment. *See* Dkt. 46, at 1–2. Defendants have not shown that anything other than a supersedeas bond (or as the court previously suggested, depositing the full amount of the judgment into the court's registry) will be sufficient to protect the judgment.

ORDER

IT IS ORDERED that defendants' motion to stay enforcement of the judgment pending appeal, Dkt. 61, is DENIED.

Entered December 14, 2017.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge