IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRAIG CUNNINGHAM,

                Plaintiff,

v.

MICHAEL MONTES, TOLLFREEZONE.COM,
INC., MYDATAGUYS.COM, LLC,
PODMUSICGEAR.COM, INC., and
EMAILMYVMAIL.COM, INC.,

                Defendants.¹

ORDER

16-cv-761-jdp

---

This Telephone Consumer Protection Act case is back before this court on remand from the Seventh Circuit, which vacated this court's entry of default judgment. Dkt. 88. Because the Seventh Circuit indicated that default judgment would be appropriate if the court held an evidentiary hearing and found facts showing that service by publication was authorized, I indicated that I would allow pro se plaintiff Craig Cunningham the opportunity to present evidence at a May 24, 2018 hearing. *See* Dkt. 89 and Dkt. 96. Defendants have moved to strike the evidentiary hearing, arguing that Cunningham should have "submitted all of his evidence in support of obtaining an order for alternate service" the first time around and thus "has waived his opportunity to now submit additional evidence." Dkt. 101, at 2. This argument is of dubious merit, as the Seventh Circuit's concern appears to be focused on the lack of an

---

[1] Defendants have included "John and Jane Does 1–10" in the caption of their recent filings. I dismissed the claims against the Doe defendants when I granted Cunningham's motion for default judgment, noting that "Cunningham did not allege any specific claims against the Doe defendants in his complaint and default was not entered against them." Dkt. 34, at 2. The Seventh Circuit's opinion did not touch on this aspect of my order, so the claims against the Doe defendants remain dismissed.

evidentiary hearing, which I did not hold originally because defendants did not challenge the authorization of service by publication.

Cunningham has filed a belated brief in opposition to defendants' motion, arguing that he has new evidence that defendants evaded service, which he "only obtained after . . . default judgment" was entered, and therefore he could not have submitted it the first time around. Dkt. 104, at 2. This argument is also of dubious merit—the purpose of the evidentiary hearing is to determine whether service by publication was authorized *at the time Cunningham served defendants by publication*. Any evidence obtained after service by publication would appear to be irrelevant to the court's analysis.

The bottom line is that Cunningham is entitled to an evidentiary hearing on service by publication if he wants one, and it appears that he does. So the hearing remains on the calendar. Defendants ask in the alternative that I order Cunningham "to disclose any additional evidence or documents to be filed or referred to at the evidentiary hearing by May 17, 2018." Dkt. 101, at 3. Defendants request appears reasonable, and although Cunningham opposes it, he does not explain why he believes advance disclosure is unnecessary. So I will order both sides to disclose to the other the evidence—regardless whether it has been previously submitted to the court—that they plan to present at the evidentiary hearing.

Defendants have also moved for an award of sanctions against Cunningham for failure to comply with a March 28, 2018 order directing him to return garnished funds to defendants by April 9. Dkt. 99. Cunningham did return the garnished funds eventually, but not until after defendants filed their motion for sanctions. (He says he was out of the country and returned the funds upon his return.) Defendants argue that sanctions are still appropriate—specifically, they ask that I strike the evidentiary hearing and deem their answer and affirmative defenses

to be timely filed. Dkt. 102. These sanctions would have the practical effect of foreclosing Cunningham's ability to obtain default judgment and forcing him to engage in potentially lengthy litigation. Such a harsh sanction is unwarranted here, where Cunningham, a pro se party, ultimately complied with the court order. So I will deny defendants' motion for sanctions. But I will warn Cunningham that he must abide by court deadlines. If Cunningham needs more time to file a brief or comply with a court order, he should file a motion to extend the deadline *before* the deadline passes.

ORDER

IT IS ORDERED that:

1. Defendants' motion to strike the evidentiary hearing, Dkt. 101, is GRANTED in part. By May 17, 2018, each side must disclose to the other the evidence that they plan to present at the May 24 evidentiary hearing.

2. Defendants' motion for sanctions, Dkt. 99, is DENIED.

Entered May 2, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge