# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

CRAIG CUNNINGHAM,

             Plaintiff,

   v.

MICHAEL MONTES, TOLLFREEZONE.COM,
INC., MYDATAGUYS.COM, LLC,
PODMUSICGEAR.COM, INC., and
EMAILMYVMAIL.COM, INC.,

             Defendants.

OPINION & ORDER

16-cv-761-jdp

On appeal, the Seventh Circuit vacated this court's entry of default judgment against defendants. But the Seventh Circuit indicated that default judgment might nevertheless be appropriate under Wis. Stat. § 801.11(1). The question is whether pro se plaintiff Craig Cunningham exercised reasonable diligence in attempting to achieve service on defendant Michael Montes either personally or by other means authorized under the statute. Cunningham requested an evidentiary hearing to show that he was reasonably diligent, and I held the hearing on May 24, 2018. Cunningham and Montes each testified at the hearing, and Cunningham offered additional exhibits, which the court received.

## FINDINGS OF FACT

Based on the testimony and evidence at the hearing, and the other evidence already received in the case, I find the following facts.

At the time he filed this suit, Cunningham had several reasons to believe that Montes resided at 1731 50th Street, Somerset, Wisconsin: social media postings by Montes or his

family that showed Montes's son participating in sports for a Somerset school; Montes had listed the Somerset address as the return address on business communications; and Montes and his wife owned the Somerset property (apparently through a trust, of which they are both settlors and beneficiaries). Cunningham exercised reasonable diligence in serving Montes at the Somerset address. Only one attempt at service was made—by the St. Croix County sheriff's office. But the deputy sheriff who attempted service was able to make telephone contact with Montes, who refused to give his address, said the Somerset property was rental property, and told the deputy that Cunningham would have to "hunt him down." (At the hearing, Montes did not deny the call, and he expressly admitted telling the deputy that Cunningham would have to hunt him down.) In light of Montes's statements to the deputy, and Cunningham's experience with difficulties securing service of Montes in other cases, I find that further attempts at service at the Somerset address would be futile. I find that, under the circumstances, the single attempt at service constituted reasonable diligence in attempting service at the Somerset address.

Cunningham also had reason to believe that Montes had a residence at 26961 Via La Mirada, San Juan Capistrano, California. In a previous case in Tennessee, Cunningham had attempted to serve Montes at the California address by certified mail. But that mail was returned unclaimed. In this case, Cunningham did not attempt to serve Montes at the California address.

Montes's testimony was evasive and not credible. Montes has previously submitted a declaration, Dkt. 29, in which he made statements that he contradicted at the hearing. Montes's declaration purported to list the dates of all travel to Wisconsin by Montes and his wife in the past three years. But Cunningham showed (with bank records) that Montes or his

wife were in Wisconsin at times other than those listed in the declaration. Most significant, Montes's declaration denied that anyone lived at the Somerset address. But Montes testified at the hearing that his wife and son have lived at the Somerset address from 2011 to the present—except for most of 2016 and early 2017 when they lived with him in California. Montes testified that he lived in Wisconsin full time only from 2011 to 2012, but that otherwise he has lived at the California address. I find that Montes's testimony is insufficient to establish that California was his usual place of abode during November 2016, when Cunningham was attempting to achieve service of this lawsuit in Wisconsin.

However, the evidence as a whole (particularly the bank records) shows that Montes spent a considerable amount of time in California, and that when in California he resided at 26961 Via La Mirada, San Juan Capistrano, California.

ANALYSIS

Montes bears the burden to demonstrate inadequate service of process. *See Trs. of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.3d 731, 732 n.2 (7th Cir. 1991). Despite Montes's evasive and untruthful testimony, the evidence shows that Cunningham did not exercise reasonable diligence in attempting to serve Montes personally, because he made no effort to serve Montes at the California residence.

Reasonable diligence does not require "all possible diligence which may be conceived." *Haselow v. Gauthier*, 212 Wis. 2d 580, 569 N.W.2d 97 (Ct. App. 1997). But it does require a plaintiff to pursue "leads or information reasonably calculated to make personal service possible." *Welty v. Heggy*, 124 Wis. 2d 318, 369 N.W.2d 763, 767 (Ct. App. 1985) (quoting *West v. West*, 82 Wis. 2d 158, 262 N.W.2d 87, 90 (1978)). I am convinced that Cunningham's

attempt to serve Montes at the Wisconsin property was reasonably diligent because Montes told the deputy sheriff who was attempting to serve him that he didn't live there, that he wouldn't disclose where he did live, and that Cunningham would "have to hunt him down." Dkt. 3-3, at 4. To attempt service at that property again would have been unreasonable.

But Wisconsin's reasonable-diligence standard "requires a plaintiff who knows or readily can learn that a defendant has multiple addresses to attempt to serve the defendant at each address." *Cunningham v. Montes*, 883 F.3d 688, 689 (7th Cir. 2018). Cunningham admits that when he was attempting to serve Montes in this case, he knew that Montes owned a house in San Juan Capistrano, California. And the evidence shows that Montes spent significant time there. So Cunningham was required to attempt service at that house, but Cunningham did not do so. Cunningham did not inform the court about the California residence when he asked the court to authorize service by publication. Dkt. 3.

At the recent hearing, Cunningham explained that he decided not to attempt service in California because a certified mailing that he sent to the California house in March 2016 was returned unclaimed. And, according to Cunningham, that mailing constituted reasonable diligence under Tennessee law. But Wisconsin law does not allow service by certified mail, and a single piece of unclaimed mail does not show that an attempt at personal service would be unreasonable.

Cunningham contends that Montes's motive to evade service is relevant to the reasonable diligence analysis, citing *West*, 262 N.W.2d 87. *West* held that "one who seeks substituted service by publication must first exhaust with due diligence any leads or information reasonably calculated to make personal service possible," *id.* at 90, so it's not very helpful to Cunningham. And in *West*, it was the person *attempting* service whose motive was

questionable: the plaintiff spent two weeks living with the defendant, his wife, without ever mentioning the pending case to her. *See id.* That's not to say that the defendant's motive is irrelevant to the analysis. But it does not absolve a plaintiff of the requirement to exercise reasonable diligence in attempting to serve the defendant. Here, Montes was certainly resistant to service, but he had not affirmatively done anything to evade personal service at the California address. Reasonable diligence would call for Cunningham to attempt personal service at the California property at least once. He did not.

I conclude that Montes has sustain his burden to show that service was deficient, and thus default judgment was not warranted. The case will proceed on the merits.

Entered May 25, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge