# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL MONTES,<br>TOLLFREEZONE.COM, INC. d/b/a<br>DOCAUDITOR.COM and MOBILE<br>TRACKME, MYDATAGUYS.COM, LLC,<br>PODMUSICGEAR.COM, INC.,<br>EMAILMYVMAIL.COM, INC., and DOES<br>1-10,<br><br>    Defendants. | Case No. 3:16-cv-00761-jdp<br><br>**FIRST AMENDED COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, CRAIG CUNNINGHAM ("Plaintiff"), by and through his attorneys, and for his First Amended Complaint against the Defendants, MICHAEL MONTES, TOLLFREEZONE.COM, INC. d/b/a DOCAUDITOR.COM and MOBILE TRACKME, MYDATAGUYS.COM, LLC, PODMUSICGEAR.COM, INC., EMAILMYVMAIL.COM, INC., and DOES 1-10, ("Defendants"), Plaintiff alleges and states as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., resulting from the illegal actions of Defendants, in negligently, knowingly and/or willfully, through their agent(s), placing automated telemarketing calls to Plaintiff's cellular telephones without Plaintiff's consent, in violation of the TCPA and related regulations, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District, Defendant Michael Montes resides in this District, and Defendants regularly conduct business throughout the Western District of Wisconsin.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Nashville, Tennessee and Dallas, Texas.

5. On information and belief, Defendant MICHAEL MONTES ("Montes") is an individual who maintains a residence in Somerset, Wisconsin, and is the sole owner of Tollfreezone.com, Inc., PODmusicgear.com, Inc. Mydataguys.com, Inc., and Emailmyvmail.com, Inc.

6. On information and belief, TOLLFREEZONE.COM, INC. is a corporation of the State of California, which also does business under the names Docauditor.com and Mobile Trackme, which is not licensed to do business in Wisconsin, but which conducts business within and throughout Wisconsin.

7. On information and belief, PODMUSICGEAR.COM, INC. is a corporation of the State of Delaware, which is not licensed to do business in Wisconsin, but which conducts business within and throughout Wisconsin.

8. On information and belief, MYDATAGUYS.COM, LLC is a former, revoked limited liability company of the State of Nevada, which is not licensed to do business in Wisconsin, but which conducts business within and throughout Wisconsin.

9. On information and belief, EMAILMYVMAIL.COM. INC. is a former, revoked corporation of the State of Nevada, which is not licensed to do business in Wisconsin, but which conducts business within and throughout Wisconsin.

10. On information and belief, and at all times relevant hereto, Defendants were engaged in the marketing, including by telephone, and sale of a variety of "get-rich-quick" pyramid schemes.

11. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

12. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

13. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

14. Defendants are "persons" as defined in 47 U.S.C. § 153(39).

## FACTS COMMON TO ALL ACCOUNTS

15. Beginning during or about 2015 and continuing through 2018, Defendants placed a high volume of automated telemarketing telephone calls to Plaintiff's cellular telephones.

16. When Plaintiff would answer Defendants' calls, he would experience a long pause, followed by an artificial and/or prerecorded voice message, which is indicative of an automatic telephone dialing system.

17. Plaintiff estimates that Defendants placed at least 200 automated telephone calls to Plaintiff's cellular telephones between 2015 and 2018.

18. As a result of Defendants' actions as outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephones;

    c. Wasting Plaintiff's time;

    d. Risk of personal injury due to interruption and distraction when receiving unwanted calls from Defendants;

    e. Depletion of Plaintiff's cellular telephone batteries;

    f. The cost of electricity to recharge Plaintiff's cellular telephone batteries; and

    g. Significant stress, aggravation, emotional distress and mental anguish.

19. On information and belief, Defendants placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

20. On information and belief, the purpose of these telemarketing telephone calls was the attempted sale of Defendants' products and/or services in order for Plaintiff to participate in Defendants' pyramid schemes.

21. On information and belief, Defendants routinely used automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in attempts to sell their products.

22. Plaintiff did not give Defendants his express consent, invitation or permission to contact him using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendants to contact him in this manner was terminated and revoked.

23. Defendants' telephone calls to Plaintiff's cellular telephones using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

24. Defendants' telephone calls made to Plaintiff's cellular telephones utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation or permission, violated 47 U.S.C. § 227(b)(1).

25. Plaintiff alleges upon information and belief, including his experiences as described herein, that Defendants lacked at all relevant times reasonable policies and procedures aimed at avoiding the violations of the TCPA as herein described.

26. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TCPA

27. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 26 above as if reiterated herein.

28. The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*

29. As a result of Defendants' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

30. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF TCPA

31. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 30 above as if reiterated herein.

32. The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

33. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

34. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff prays for the following relief:

a. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendants;

b. Judgment against Defendant for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendant

c. Judgment against Defendants for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendants;

d. Judgment against Defendants for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant;

c. Judgment against Defendants for Plaintiff's witness fees, court costs and other litigation costs; and

d. Any other relief deemed appropriate by this Honorable Court.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

CRAIG CUNNINGHAM

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Admitted to Practice in Western District of Wisconsin
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, Illinois 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 28, 2018, a copy of the foregoing First Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff