UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL MONTES, JR.,<br>TOLLFREEZONE.COM, INC. d/b/a<br>DOCAUDITOR.COM and MOBILE<br>TRACKME, MYDATAGUYS.COM, LLC,<br>PODMUSICGEAR.COM, INC.,<br>EMAILMYVMAIL.COM, INC.,<br>MYADGUYS.COM LLC and DOES 1-10,<br><br>    Defendants. | Case No. 3:16-cv-00761-jdp<br><br>**SECOND AMENDED COMPLAINT**<br><br>**JURY DEMANDED** |

Now comes the Plaintiff, CRAIG CUNNINGHAM ("Plaintiff"), by and through his attorneys, and for his First Amended Complaint against the Defendants, MICHAEL MONTES, JR., TOLLFREEZONE.COM, INC. d/b/a DOCAUDITOR.COM and MOBILE TRACKME, MYDATAGUYS.COM, LLC, PODMUSICGEAR.COM, INC., EMAILMYVMAIL.COM, INC., MYADGUYS.COM LLC, and DOES 1-10, ("Defendants"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, et seq., resulting from the illegal actions of Defendants, in negligently, knowingly and/or willfully, through their agent(s), facilitating and/or placing automated telemarketing calls to Plaintiff's cellular telephones without Plaintiff's consent, in violation of the TCPA and related regulations, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and,

as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this civil action arises under a law of the United States, the TCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this claim occurred in this District, Defendant Michael Montes, Jr. resides in this District, and Defendants regularly conduct business throughout the Western District of Wisconsin.

## PARTIES

4. Plaintiff is an individual who was at all relevant times residing in Nashville, Tennessee.

5. On information and belief, Defendant Michael Montes, Jr. ("Montes") is an individual who maintains a residence in Somerset, Wisconsin, and is the sole owner of Tollfreezone.com, Inc., PODmusicgear.com, Inc. Mydataguys.com, Inc., Emailmyvmail.com, Inc., and Myadguys.com LLC.

6. On information and belief, Tollfreezone.com, Inc. ("Tollfreezone") is a former corporation of the State of California, which also does business under the names Docauditor.com and Mobile Trackme, which is not licensed to do business in Wisconsin, but which conducts business within and throughout Wisconsin.

7. On information and belief, PODmusicgear.com, Inc. ("PODmusicgear") is a corporation of the State of Delaware, which is not licensed to do business in Wisconsin, but which conducts business within and throughout Wisconsin.

8. On information and belief, Mydataguys.com, LLC ("Mydataguys") is a former, revoked limited liability company of the State of Nevada, which is not licensed to do business in Wisconsin, but which conducts business within and throughout Wisconsin.

9. On information and belief, Emailmyvmail.com. Inc. ("Emailmyvmail") is a former, revoked corporation of the State of Nevada, which is not licensed to do business in Wisconsin, but which conducts business within and throughout Wisconsin.

10. On information and belief, Myadguys.com LLC ("MyAdGuys") is a limited liability company of the State of Florida, which is not licensed to do business in Wisconsin, but which conducts business within and throughout Wisconsin.

11. MyAdGuys is an extension and continuation of Defendant Montes' former telemarketing business Tollfreezone, which Montes closed and reopened as MyAdGuys to avoid paying a judgment entered against Tollfreezone in favor of the State of Missouri and a default judgment entered against Tollfreezone in favor of Plaintiff in this case (which has since been vacated).

12. On information and belief, and at all times relevant hereto, Defendants were engaged in the marketing and sale, including by telephone, of a variety of "get-rich-quick" pyramid or multi-level marketing schemes.

13. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

14. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts

and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

15. Plaintiff is a "person" as defined in 47 U.S.C. § 153(39).

16. Defendants are "persons" as defined in 47 U.S.C. § 153(39).

**FACTS COMMON TO ALL ACCOUNTS**

17. Defendants, through their website located at autodialer123.com, help their customers load databases of telephone numbers into a computer system which facilitates the placement of a high volume of automated telemarketing calls in a short period of time without human intervention. Often, when the recipients answers such calls, they are greeted by prerecorded messages.

18. Defendant Montes refers to these services as "robocalling," "predictive dialing," and "virtual telemarketer" services.

19. When customers sign up for Defendants' services, they are provided with special training videos made by Defendant Montes regarding how to operate the automatic dialing system.

20. Defendants provide one-on-one technical support and internet training sessions to teach customers how to use the automatic dialing system, and Defendant Montes regularly makes himself available to help solve customers' technical problems.

21. Defendants provision an account for new customers to allow them to place automated telemarketing calls such as those Plaintiff received. Defendants assists those customers in setting up telemarketing accounts with a Panamanian company known as "Technologic" and "dialer.TO". Defendants are agents of said Panamanian company and receive payment for Defendants' customers' use of this automatic dialing system.

22. For some customers, if they provide their data, their prerecorded message, and their caller ID, Defendants will set up dialing campaigns for them. For some customers, Defendants will actually run their call campaigns.

23. For some customers, Defendants will conduct live training sessions via the internet for the benefit of multiple potential users.

24. For some customers, Defendants will write the scripts of prerecorded messages used in their autodialed telemarketing sales calls.

25. Defendants do not monitor their customers to determine whether they are complying with the Telephone Consumer Protection Act when placing telephone calls through Defendants' system.

26. Defendants charge their customers per minute used when placing telemarking calls through Defendants' automated dialing system.

27. Beginning during or about 2015 and continuing through 2016, Plaintiff's cellular telephones received a high volume of automated telemarketing telephone calls made by Defendants' customers using Defendant's systems. Those customers included but are not limited to companies known as "8 Figure Dream Lifestyle", "Enagic", "Secret Success Machine", and "TiDom", and individuals who represent themselves as Jerry Maurer and Brian Kaplan.

28. When Plaintiff would answer the calls made by Defendants' customers, he would experience a long pause, often followed by an artificial and/or prerecorded voice message, which is indicative of an automatic telephone dialing system.

29. During initial calls, upon answering, Plaintiff would speak with an employee, agent, and/or representative of Defendants' customers, and would request of said individuals that they stop placing calls to Plaintiff's cellular telephones.

30. Despite multiple unequivocal requests by Plaintiff that Defendants' customers cease placing telephone calls to his cellular telephones, Plaintiff estimates that Defendants' customers placed at least 200 automated telephone calls to Plaintiff's cellular telephones during 2015 and 2016.

31. As a result of Defendants' actions as outlined above, Plaintiff has suffered concrete and particularized injuries and harm, which include, but are not limited to, the following:

    a. Invasion of privacy;

    b. Intrusion upon and occupation of the capacity of Plaintiff's cellular telephones;

    c. Wasting Plaintiff's time;

    d. Risk of personal injury due to interruption and distraction when receiving unwanted calls from Defendants and their customers;

    e. Depletion of Plaintiff's cellular telephone batteries;

    f. The cost of electricity to recharge Plaintiff's cellular telephone batteries; and

    g. Stress, aggravation, emotional distress and mental anguish.

32. Defendants' customers placed the telephone calls described above to Plaintiff using an "automatic telephone dialing system," as defined in 47 U.S.C. § 227(a)(1), and/or an "artificial or prerecorded voice" message, as described in 47 U.S.C. § 227(b)(1)(A).

33. On information and belief, the purpose of these telemarketing telephone calls was the attempted sale of Defendants' customers' products and/or services.

34. Defendants' customers routinely used Defendants' system to facilitate automatic telephone dialing systems and/or artificial and/or prerecorded voice messages in attempts to sell their products and/or services.

35. Plaintiff did not give Defendants or their customers his express consent, invitation or permission to contact him using an automatic telephone dialing system and/or an artificial and/or prerecorded voice message. In the alternative, any prior express consent, invitation or permission which Plaintiff may have given Defendants or their customers to contact him in this manner was terminated and revoked.

36. Defendants' customers' telephone calls to Plaintiff's cellular telephones using Defendants' automatic telephone dialing system and/or an artificial and/or prerecorded voice message were not made for emergency purposes.

37. Defendants' customers' telephone calls made to Plaintiff's cellular telephones utilizing an automatic telephone dialing system and/or an artificial and/or prerecorded voice message, for non-emergency purposes, and in the absence of Plaintiff's express consent, invitation, or permission, violated 47 U.S.C. § 227(b)(1).

38. Plaintiff alleges upon information and belief, including his experiences as described herein, that Defendants lacked at all relevant times reasonable policies and procedures aimed at avoiding the violations of the TCPA as herein described.

39. In addition, on information and belief, Defendants have not instituted appropriate procedures for maintaining a list of persons who request not to receive telemarketing calls made by Defendants or their customers, or on behalf of Defendants or their customers, in violation of the TCPA, 47 U.S.C. § 227, *et seq.*, and 47 C.F.R. § 64.1200(d).

40. On information and belief, Defendants knew their customers were making telemarketing calls in violation of the TCPA and failed to stop those TCPA violations.

41. The TCPA, specifically 47 U.S.C. § 227(b)(1)(A)(iii), provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice…to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States…

42. 47 C.F.R. § 64.1200(d) provides that:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
> …
> (3) *Recording, disclosure of do-not-call requests*. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request.

## COUNT I
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 U.S.C. § 227, *et seq.*

43. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 42 above as if reiterated herein.

44. Defendants' services, training of their customers to use their automated dialing system, setup of customers' automated dialing campaigns, and payments received from those customers on a per-minute-used basis, as alleged above, ratified their illegal acts by knowingly accepting the benefits of those acts. See, *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules,* 28 F.C.C. Rcd. 6574, 6587 (F.C.C. 2013).

45. Defendants were so involved in their customers' placement of automated telemarketing calls to Plaintiff as to be deemed to have initiated those calls, considering the goals and purposes of the TCPA. *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules,* 30 F.C.C. Rcd. 7961, 7980 (F.C.C. 2015).

46. The foregoing acts and omissions of Defendants and their customers constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq*.

47. As a result of Defendants' and their customers' negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

48. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND/OR WILLFUL VIOLATIONS OF TCPA
## 47 U.S.C. § 227, *et seq.*

49. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 48 above as if reiterated herein.

50. Defendants' services, training of their customers to use their automated dialing system, setup of customers' automated dialing campaigns, and payments received from those customers on a per-minute-used basis, as alleged above, ratified their illegal acts by knowingly accepting the benefits of those acts. See, *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules,* 28 F.C.C. Rcd. 6574, 6587 (F.C.C. 2013).

51. Defendants were so involved in their customers' placement of automated telemarketing calls to Plaintiff as to be deemed to have initiated those calls, considering the goals and purposes of the TCPA. *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules,* 30 F.C.C. Rcd. 7961, 7980 (F.C.C. 2015).

52. The foregoing acts and omissions of Defendants and their customers constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

53. As a result of Defendants' and their customers' knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

54. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT III
## NEGLIGENT VIOLATIONS OF THE TCPA
## 47 C.F.R. 64.1200(d)

55. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 54 above as if reiterated herein.

56. Defendants' services, training of their customers to use their automated dialing system, setup of customers' automated dialing campaigns, and payments received from those customers on a per-minute-used basis, as alleged above, ratified their illegal acts by knowingly accepting the benefits of those acts. See, *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules,* 28 F.C.C. Rcd. 6574, 6587 (F.C.C. 2013).

57. Defendants were so involved in their customers' placement of automated telemarketing calls to Plaintiff as to be deemed to have initiated those calls, considering the goals and purposes of the TCPA. *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules,* 30 F.C.C. Rcd. 7961, 7980 (F.C.C. 2015).

58. The foregoing acts and omissions of Defendants and their customers constitute numerous and multiple negligent violations of the TCPA, including, but not limited to, each and every one of the above cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(d).

59. As a result of Defendants' and their customers' negligent violations of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(d), Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

60. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT IV
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
## 47 C.F.R. 64.1200(d)

61. Plaintiff incorporates all of the allegations and statements made in paragraphs 1 through 60 above as if reiterated herein.

62. Defendants' services, training of their customers to use their automated dialing system, setup of customers' automated dialing campaigns, and payments received from those customers on a per-minute-used basis, as alleged above, ratified their illegal acts by knowingly accepting the benefits of those acts. See, *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules,* 28 F.C.C. Rcd. 6574, 6587 (F.C.C. 2013).

63. Defendants were so involved in their customers' placement of automated telemarketing calls to Plaintiff as to be deemed to have initiated those calls, considering the goals and purposes of the TCPA. *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (TCPA) Rules,* 30 F.C.C. Rcd. 7961, 7980 (F.C.C. 2015)..

64. The foregoing acts and omissions of Defendants and their customers constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(d).

65. As a result of Defendants' and their customers' knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, and the implementing regulations of 47 C.F.R. 64.1200(d), Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(c)(5).

66. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff prays for the following relief:

    a. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any negligent violations of the TCPA by Defendants;

    b. Judgment against Defendants for Plaintiff's actual damages suffered as a direct and proximate result of any knowing and/or willful violations of the TCPA by Defendants;

    c. Judgment against Defendants for statutory damages of $500.00 for each and every negligent violation of the TCPA by Defendants;

    d. Judgment against Defendants for treble statutory damages of $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendants;

c.  Judgment against Defendants for Plaintiff's witness fees, court costs and other litigation costs; and

d.  Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues in this action, except for any issues relating to the amount of litigation costs to be awarded should Plaintiff prevail on any of his claims in this action.

RESPECTFULLY SUBMITTED,

CRAIG CUNNINGHAM

By: /s/ David B. Levin
Attorney for Plaintiff
Illinois Attorney No. 6212141
Admitted to Practice in the Western District of Wisconsin
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, Illinois 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 25, 2019, a copy of the foregoing Proposed Second Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff