UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CRAIG CUNNINGHAM,

    Plaintiff,

  v.

MICHAEL MONTES, Tollfreezone.com, Inc.,     Case No. 16-cv-761
Mydataguys.com, LLC, Podmusicgear.com, Inc.,
Tollfreezone.com, Inc., dba Docauditor.com,
Tollfreezone.com, Inc., dba Mobile Trackme,
Emailmyvmail.Com, Inc., and Does 1-10,

    Defendants.

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

**Introduction**

This lawsuit solely regards claims under the Telephone Consumer Protection Act ("TCPA"). The First Amended Complaint of serial TCPA plaintiff Craig Cunningham alleged Defendants[1] placed calls and text messages to his three cell phones during 2015-2017 without his consent and without an emergency purpose. The First Amended Complaint alleged negligent violations of the TCPA (Count One) and willful violations of the TCPA (Count Two).

Plaintiff's claims should be dismissed for multiple reasons. First, the TCPA is violated when a person "makes" or "initiates" an auto-dialed phone call to a cell phone without consent and for a non-emergency reason. 47 U.S.C. § 227(b)(1). Unlike the vast majority of defendants in Plaintiff's TCPA lawsuits, none of the defendants in the present lawsuit were telemarketers that

---

[1] References to Defendants excludes identified defendants Does 1-10. No defendant has been substituted into this litigation for any of these fictitious defendants.

made auto-dialed phone calls. Montes operated a website (Tollfreezone.com) primarily used by political candidates for campaign calling purposes. Registered users could access a dialing platform owned by a third party to make auto-dialed telephone calls themselves. Neither Montes nor any of the named entity defendants made telemarketing phone calls.

Second, Plaintiff produced no evidence that any of the Defendants were associated with the calls for which Plaintiff has brought suit. Plaintiff alleged Defendants placed numerous auto-dialed calls to his three cell phones. He produced records related to these calls and, in many cases, produced audio recordings of the calls themselves. However, none of the audio recordings contain Montes' voice and none of the records establish the calls were made by the Defendants or even traveled through any website owned by Montes.

Third, Tollfreezone.com and its principal are protected from liability by the Communications Decency Act. Tollfreezone.com served as a pass through messenger for the activities of third parties who made auto-dialed calls. *See Chi. Lawyers' Comm. For Civ. Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 672 (7th Cir. 2008).

Fourth, Plaintiff sustained no cognizable harm. Plaintiff is an experienced TCPA plaintiff who has filed 153 lawsuits alleging violations of the TCPA since 2006. He currently has 37 such lawsuits pending throughout the country. Moreover, Plaintiff admitted he has long been aware of the federal Do Not Call registry[2] and has refused to register any of the three phone numbers at issue in this lawsuit with the registry. Under such circumstances, Plaintiff has suffered no "injury in fact" consistent with *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed.2d 635 (2016).

---

[2] The TCPA authorized the Federal Communications Commission ("FCC") to establish a single national database of telephone numbers of residential subscribers who object to receiving telephone solicitations. "No person or entity shall initiate any telephone solicitation to: (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. 47 C.F.R. § 64.1200.

**Background**

Craig Cunningham is a prolific *pro se* filer of lawsuits for alleged violations of the TCPA. Since 2006, Cunningham has filed 153 lawsuits and currently has 37 lawsuits pending in district courts throughout the country. (Defendants' Proposed Findings of Fact ("DPFOF"), 2, 3.)

In the present lawsuit, Cunningham alleged in his Complaint and the First Amended Complaint the Defendants placed calls and text messages via an auto-dialer to his cell phones without consent and without an emergency purpose. (*Id.*, 13.) He alleged the Defendants placed over 200 calls and text messages to three phone numbers registered to him and which go to cell phones: 615-212-9191, 615-348-1977, 615-331-7262. (*Id.*, 14-15.) The calls and text messages were alleged to have been made by Defendants between 2015 and early 2017. (*Id.*, 16.) Although Cunningham was aware of the federal Do-Not-Call registry prior to receiving any of these calls and text messages, he had never registered any of these three phone numbers with the registry. (*Id.*, 17-18.)

Michael Montes is an individual who is the principal of Mydataguys.com, LLC ("Mydataguys.com"), Podmusicgear.com, Inc. ("Podmusicgear.com"), Tollfreezone.com, Inc. ("Tollfreezone.com"), and Emailmyvmail.com, Inc. ("Emailmyvmail.com"). (*Id.*, 4.)

Mydataguys.com is a Nevada company that sells targeted phone number lists to customers. (*Id.*, 5.)

Podmusicgear.com was a Delaware company that planned to sell hats with imbedded headphones. (*Id.*, 6.) It never began operations and has not sold any hats. (*Id.*, 7.)

Emailmyvmail.com is a Nevada company that intended to offer customers an app that would translate voicemails into emails. (*Id.*, 11.) It never began operations due to technical difficulties with the technology. (*Id.*, 12.)

Tollfreezone.com was a California company that is no longer in business. (*Id.*, 8, 10.) It offered customers access to a third party telephone autodialing server through its website. (*Id.*, 8.) The majority of users of Tollfreezone.com were political candidates. (*Id.*, 26.) It did not provide any text messaging services. (*Id.*, 23.) Tollfreezone.com was one of many website portals for auto-dialing services in the marketplace. (*Id.*, 34.)

Commercial users of Tollfreezone.com were required to agree to the Terms of Use for Tollfreezone.com prior to being permitted to obtain a user name and password to use the website. (*Id.*, 27.) The Terms of Use required a commercial user to pledge to abide by all federal and state laws, including the TCPA, in making auto-dialed calls. (*Id.*, 28.) Commercial users were given the opportunity to have any phone numbers they planned to call scrubbed so that those phone numbers listed on the federal Do-Not-Call registry would be removed and not dialed. (*Id.*, 29.)

The auto-dialing server that users accessed through Tollfreezone.com was owned by a third party and not owned, operated, or controlled by any of the Defendants. (*Id.*, 30.) Users of Tollfreezone.com uploaded phone numbers through the website to the server themselves. (*Id.*, 31.) They also placed the auto-dialed phone calls themselves. (*Id.*, 32.) None of the Defendants made phone calls using an auto-dialer. (*Id.*, 21-25.)

## Standard of Review

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To determine whether a genuine issue of material fact exists, the Court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *See Heft v. Moore,* 351 F.3d 278, 282 (7th Cir. 2003). "[I]n the light most favorable . . .

simply means that summary judgment is not appropriate if the court must make a choice of inferences." *Harley–Davidson Motor Co., Inc. v. PowerSports, Inc.*, 319 F.3d 973, 989 (7th Cir. 2003).

The evidence must create more than "some metaphysical doubt as to the material facts." *Springer v. Durflinger,* 518 F.3d 479, 484 (7th Cir. 2008). A mere scintilla of evidence in support of the nonmovant's position is insufficient. *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009). Simply stated, summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Schacht v. Wisconsin Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999).

## **Argument**

The First Amended Complaint asserted claims alleging negligent (Count One) and willful (Count Two) violations of the TCPA. Specifically, the First Amended Complaint alleged Defendants made unwanted calls in violation of 47 U.S.C. § 227(b)(1). (First Amended Complaint, ¶¶ 24, 26, 28, 32.) This provision of the TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(ii). It is also unlawful to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party." (*Id.*) To prevail on a claim under the TCPA, a plaintiff must establish that the defendant made a call to his cell or wireless phone by use of an automatic dialing system or an artificial or prerecorded voice and without prior express consent by the called

5

party. *See Cunningham v. TechStorm, LLC,* 2018 U.S. Dist. LEXIS 105774, at *10-11 (N.D. Tex. May 29, 2018, *report and recommendation adopted,* 2018 U.S. Dist. LEXIS 105838 (N.D. Tex. June 25, 2018) (citing 47 U.S.C. § 227(b)(1)(A)(Trost Declaration, ¶ 7, Exhibit E.)

Plaintiff's claims under the TCPA fail and should be dismissed with prejudice for multiple independent reasons:

1. None of the Defendants made telephone calls through an automatic dialing system.
2. Plaintiff's evidence does not link any of the alleged phone calls to the Defendants.
3. Defendants Tollfreezone.com and its principal Montes are shielded from liability by the Communications Decency Act.
4. Plaintiff suffered no injury in fact.

Defendants will address each of these arguments in turn below.

**A. Defendants Did Not Make Calls through an Automatic Telephone Dialing System.**

The operative words in Section 227(b) are "make" and "initiate," meaning that the only person or entity to be liable is the person or entity who makes or initiates the unlawful call. None of the Defendants made calls using an automatic telephone dialing system, also known as an auto-dialer. Tollfreezone.com was a website that allowed registered users to access a third party's dialer platform for making automatic dialing telephone calls. However, Tollfreezone.com did not make any calls itself. (DPFOF, 23.) The majority of users registered to send messages for political campaign purposes. The few commercial users had to agree to the website's Terms and Conditions, including a pledge to abide by all federal and state laws including the TCPA. (*Id.*, 28.) Once registered, users could load their call data through the website onto the third party's dialer platform and proceed to make calls. (*Id.*, 31-32.) Users could opt to have their call data scrubbed against the federal Do Not Call registry. (*Id.*, 29.) Tollfreezone.com had no involvement in users'

utilization of the third party dialer platform to send out calls. (*Id.*, 30.)  In short, Tollfreezone.com provided a website portal through which users could make calls on a third party's auto-dialer server; Tollfreezone.com did not make or initiate such calls itself.

Mydataguys.com sold call data information. It did not make or initiate any calls using an automatic telephone dialing system. (*Id.*, 22.)

Podmusicgear.com was established to sell hats containing built-in speakers. (*Id.*, 6.)  The company never got off the ground. (*Id.*, 7.)  Needless to say, it did not make or initiate any calls using an automatic telephone dialing system. (*Id.*, 24.)

Emailmyvmail.com was established to sell an app that converted a user's voicemails into an email. (*Id.*, 11.) This company never got off the ground due to technical complications with the app. (*Id.*, 12.)  It did not make or initiate any calls using an automatic telephone dialing system. (*Id.*, 25.)

Michael Montes was the principal of the named Defendant entities. (*Id.*, 4.)  He answered questions posed by users of Tollfreezone.com about how to upload data and made instructional youtube.com videos addressing common questions. (*Id.*, 19.)  However, he did not make or initiate any commercial telemarketing calls using an auto-dialer. (*Id.*, 21.)

In sum, the TCPA prescribes making or initiating calls via an auto-dialer to cell phones without permission. Defendants did not make or initiate such calls. The claims against them should be dismissed.

### B. Plaintiff Produced No Evidence that Any of the Calls for which He Seeks Compensation was Made Through Tollfreezone.com's Website.

Plaintiff was requested in discovery to produce all evidence supporting his allegations that the calls at issue in this lawsuit were made by the Defendants. (DPFOF, 19.) In response, Plaintiff produced his listing of the calls (mostly denoting the date, numbered called, and number from

7

which the call was placed), his telephone company's records of the calls, and his audio recordings of the calls. Plaintiff also produced several Youtube.com videos wherein Montes explained how to use his company's website. (*Id.*)

Plaintiff's evidence does not establish that the specific calls for which he seeks compensation through this lawsuit were made by Defendants, or even that they were made through a website platform operated by the Defendants. *See Borcky v. Maytag Corp.*, 248 F.3d 691, 695 (7th Cir. 2001) (speculation and conjecture insufficient to create genuine issue of fact to avoid summary judgment). The phone records and Plaintiff's lists of calls do not link the calls to the Defendants.

Moreover, none of the audio recordings are by the Defendants. Prior to his deposition, Cunningham sat through the deposition of Michael Montes and heard him speak for several hours. During Cunningham's deposition the next day, he admitted the voice of Michael Montes was not present in any of his audio recordings of calls. (DPFOF, 20.)

The Youtube.com videos featuring Montes contain instructions for using the website. (*Id.*, 19.) There is nothing in violation of the TCPA for publishing such instructional videos on Youtube.com. Moreover, there is nothing in the videos referencing any particular call that is the subject of this lawsuit.

In short, there are multiple platforms in the commercial marketplace through which a telemarketer can make auto-dialed telephone calls. (*Id.*, 34.) Plaintiff has not established the calls at issue were made by Defendants or even came through the Tollfreezone.com website platform. Accordingly, Plaintiff's claims should be dismissed with prejudice.

### C. Defendants Tollfreezone.com and Montes are Shielded from Liability by the Communications Decency Act ("CDA").

Section 230(c)(1) of the CDA states that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). An interactive computer service is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet." 47 U.S.C. § 230(f)(2). An information content provider is "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service." 47 U.S.C. 30(f)(3). The Seventh Circuit has held the CDA protects the internet "messenger" from being held responsible for information created by another that may be determined to be illegal. *Chi. Lawyers' Comm. For Civ. Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 672 (7th Cir. 2008)(Craigslist not liable where allegedly illegal rental advertisements were posted on its site); *Huon v. Denton*, 841 F.3d 733, 741 (7th Cir. 2016).

Tollfreezone.com[3] was an interactive computer service entitled to the immunities provided by the CDA. It was an "access software provider" that enabled "multiple users" to access a third party's computer server to make auto-dialer calls. *See* 47 U.S.C. § 230(f)(2). It was the users of the website that determined to whom calls were placed through the auto-dialer and it was the users who were responsible for the content of those calls. Much like *Craigslist*, Tollfreezone.com was merely the messenger of information and immunized from liability by the CDA for the messages and calls sent by others. *See also Doe v. GTE*, 347 F.3d 655, 658-59 (7th Cir. 2003)(additionally

---

[3] Tollfreezone.com and its principal Montes are the only two defendants where there is evidence of any involvement with auto-dialing technologies.

9

finding that "entities that know the information's content do not become liable for the sponsor's deeds"). Accordingly, Plaintiff's claims against Tollfreezone.com, and its principal Montes, should be dismissed with prejudice.

### D. Plaintiff Suffered No Injury In Fact.

To sustain a claim, a plaintiff must demonstrate he has suffered an "injury in fact." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548, 194 L. Ed.2d 635 (2016). An injury in fact is "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* A concrete injury is one that must "actually exist" and is "real and "not abstract." *Id.* An injury is "particularized" where it "affect[s] the plaintiff in a personal and individual way." *Id.*

Federal courts have recognized that serial, or professional, plaintiffs lack an injury in fact to pursue a claim under the TCPA. *See Tel. Sci. Corp. v. Asset Recovery Solutions, LLC,* 2016 U.S. Dist. LEXIS 104234, at *47-53 (N.D. Ill. Aug. 8, 2016)(Trost Declaration, ¶ 8, Exhibit F); *Morris v. Unitedhealthcare Ins. Co.*, 2016 U.S. Dist. LEXIS 168288, at *6, 14-17 (E. D. Tex. Nov. 9, 2016)(Trost Declaration, ¶ 9, Exhibit G.)

The present lawsuit was initiated by a professional plaintiff who lacks a concrete and particularized injury. *See Cunningham v. Rapid Response Monitoring Services, Inc.*, 251 F. Supp.3d 1187, 1191 (M.D. Tenn. 2017) (". . . Cunningham is a serial plaintiff in cases involving unsolicited telemarketing.") Plaintiff has filed 153 TCPA-related lawsuits on behalf of himself since 2006. (DPFOF, 3.) He admitted he was aware of the federal Do Not Call registry since before 2015, when the first of the alleged offending calls at issue in this lawsuit was made to his cell phone. (*Id.,* 17-18.) By 2015, Plaintiff had already filed multiple lawsuits alleging unwanted calls were placed to his cells phones in violation of the TCPA. (*Id.*, 3.) Nevertheless, Plaintiff never

registered any of the three cell phone numbers at issue in this lawsuit with the Do Not Call registry. (*Id.*, 18.) This fact alone is evidence that Plaintiff has suffered no injury from any alleged unwanted calls because he has taken no action to avoid such calls when given the opportunity to do so through the Do Not Call registry.

Moreover, the fact that Plaintiff currently has 37 lawsuits pending alleging violations of the TCPA further confirms that Plaintiff views the receipt of such calls as a money making opportunity, not an injury that has affected him in a personal and individual way. *See Spokeo,* 136 S. Ct. at 1548; DPFOF, 2. Under these circumstances, Plaintiff's claims should be dismissed as Plaintiff has suffered no injury in fact.

## Conclusion

For the reasons stated above, Defendants request the Court dismiss the Plaintiff's claims with prejudice and with costs.

Dated this 25th day of January 2019.

>AXLEY BRYNELSON, LLP
>
>*Electronically signed by Kevin D. Trost*
>Kevin D. Trost, WI State Bar No. 1028231
>Attorneys for Defendants
>P.O. Box 1767
>Madison, WI  53701-1767
>Tel: (608) 257-5661
>Fax: (608) 257-5444
>E-mail:  ktrost@axley.com