

# Axley
Attorneys Since 1885

AXLEY BRYNELSON, LLP

● ● ● ● ● ●

KEVIN D. TROST
(608) 283-6747
ktrost@axley.com

January 4, 2019

**EXHIBIT B**

*Via E-Mail*

Atty. David B. Levin
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062

Re:  *Cunningham v. Montes, et al.*
     Western District Case No. 16 cv 761
     Our File No. 22331.78257

Dear Mr. Levin:

On December 26, 2018, your office emailed two subpoenas directed to Defendant Michael Montes. One subpoena is addressed to Michael Montes at 1731 50th St., Somerset, Wisconsin. The second subpoena is addressed to Michael Montes at 26961 Via La Mirada, San Juan Capistrano, California. Each of the subpoenas commands Mr. Montes to appear on January 14, 2019, at 10:00 a.m. and produce a variety of documents outlined in a rider to the subpoena. The documents enumerated in the seventeen requests in each rider appear to be the same for both subpoenas. Pursuant to Fed. R. Civ. P. 45(d)(2)(B), Michael Montes objects to the production, inspecting, copying or sampling of the documents requested by the two subpoenas.

Globally, the requests seek the production of documents that are irrelevant to Mr. Cunningham's claims in the present lawsuit alleging that Montes and/or legal entities for which he was the principal impermissibly contacted cell phone numbers of Mr. Cunningham. The requests instead appear to be a fishing expedition for information relevant to other existing or future lawsuits against third parties. Additionally, the requests are unlimited in time or scope and overbroad making it unduly burdensome for plaintiff to comply with the requests or to comply within the time frame specified by the subpoena. It should be noted you presumably served the requests in the form of a subpoena because the time permitted to respond to a request for production of documents under Fed. R. Civ. P. 34 would not have required Mr. Montes to respond until after the date scheduled for his deposition. Further, many of the individual requests are compound in nature and contain terms that are vague and undefined. Finally, the broad nature of many of the requests appears to call for the production of documents that may be considered trade secrets and not subject to production absent a protective order.

Sincerely,

AXLEY BRYNELSON, LLP

*Kevin D. Trost/lj*

Kevin D. Trost
KDT/ljv