IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CRAIG CUNNINGHAM,

                Plaintiff,

  v.

MICHAEL MONTES, TOLLFREEZONE.COM, INC.,
MYDATAGUYS.COM, LLC,
PODMUSICGEAR.COM, INC., and
EMAILMYVMAIL.COM, INC.,

                Defendants.

OPINION and ORDER

16-cv-761-jdp

---

Plaintiff Craig Cunningham moves for leave to file a second amended complaint. Dkt. 120. The court granted Cunningham leave to file a first amended complaint two months ago so that he could clarify his claims with the assistance of his newly retained attorney. Dkt. 116. On January 25, 2019—the dispositive motions deadline—Cunningham moved to amend the complaint again, this time to allege additional counts, assert a new theory of liability, name an additional defendant, and modify the name of an existing defendant. Defendants oppose the motion as unduly prejudicial and contend that Cunningham unduly delayed in filing it. Dkt. 132. Briefing on defendants' motion for summary judgment, Dkt. 121, is ongoing.

The court will grant the motion in part to allow Cunningham to amend the caption to clarify the full name of the existing defendant. But it will deny the remainder of Cunningham's motion because it is untimely, would unfairly prejudice defendants, and would require the court to set a new schedule for the case.

ANALYSIS

Whether to grant a party leave to amend its pleading is a decision left to the district court's discretion. *Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998). Although a court should freely grant a party leave to amend its pleadings "when justice so requires," Fed. R. Civ. P. 15(a)(2), a request to amend may be denied on several grounds, including "undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001).

In his motion, Cunningham says that he wants to amend his complaint in three ways: (1) to reflect the full extent of defendants' involvement in placing the robocalls Cunningham received; (2) to add MyAdGuys.com LLC, the current iteration of Montes's robocalling business, as a defendant; and (3) to amend Montes's name to "Michael Montes, Jr." Dkt. 120, at 1. Defendants do not appear to oppose Cunningham's third proposal, so the court will grant Cunningham's motion to amend the caption to name "Michael Montes Jr." instead of "Michael Montes." This will not require filing a new operative complaint or answer. The court will direct the clerk of court to amend the caption to reflect the full name of defendant Montes. Defendants oppose Cunningham's first two proposed amendments.

A review of the proposed second amended complaint shows that Cunningham seeks to do far more than flesh out his theory of liability and nail down Montes's latest business venture, as his opening brief suggests. Rather, Cunningham seeks to change the theory of his case from direct liability to vicarious liability. Whereas he previously alleged that defendants made illegal robocalls, he now alleges that defendants' *customers* make illegal robocalls, with defendants' help. Although he fails to address it anywhere in his opening brief, Cunningham also seeks to allege two new TCPA counts for negligent and knowing violation of federal TCPA regulations—

specifically, 47 C.F.R. § 64.1200(d), which requires individuals and entities engaged in telemarketing to have procedures for maintaining lists of persons who request not to receive their telemarketing calls.

These changes are substantial, but that in itself is not a reason to deny Cunningham leave to amend. Instead, the court is denying Cunningham's motion because he unduly delayed in filing it, and because allowing the amendment now would cause undue prejudice to the defendants.

## A. Undue delay

Cunningham waited until the day that dispositive motions were due before seeking leave to amend his complaint. By way of explanation, he says that much of the information on which his motion to amend is based "was revealed or clarified during the deposition of Montes, which was just conducted on January 14, 201[9]." *Id.* He provides a sampling of various admissions made by Montes during his deposition that he says furnished this new or clarified information. For example, he cites Montes's admission that his current business, MyAdGuys.com LLC, is an extension of his prior company, defendant TollFreeZone.com, Inc., which Montes "closed" after a judgment was entered against it in this case and in a separate case in Missouri. Cunningham says he was not aware of this relationship between TollFreeZone.com, Inc. and MyAdGuys.com LLC until Montes's deposition. *Id.* at 5. He also cites testimony about Montes's involvement with his customers' telemarketing schemes, such as Montes's admission that he creates training videos for and provides technical support to third-party customers, who then conduct dialing campaigns using Montes's robocalling platform, as well as his admission that he does not monitor his customers to determine whether they are complying with the TCPA. *Id.* at 2–5.

3

In response, defendants note that Cunningham took Montes's deposition as part of another lawsuit against the same group of defendants on February 2, 2018—another detail that Cunningham fails to mention in his opening brief. Dkt. 132. At this deposition, Montes testified that his current business and primary source of income was MyAdGuys.com, which means that, almost a year prior to seeking leave to amend in this case, Cunningham had notice that Montes had apparently shifted his focus to MyAdGuys.com. *See* Dkt. 131 (Montes Dep. 21:16; 24:15–16). Montes further testified that he had "shut [TollFreeZone] down" after judgment was entered against it in Missouri. *Id.* at 29:23–18. Montes also made clear during his 2018 deposition that he was in the business of selling dialing services to third parties, that those third parties had access to videos on how to use Montes's system, that it was defendants' customers rather than defendants actually making the calls, and that Montes did not monitor his customers to verify that they were complying with the TCPA. *Id.* at 24:21–25:4; 26:6–18; 32:8–33:10; 78:21–79:13.

In his reply brief, Cunningham maintains that until the January 2019 deposition, he was "not aware" that "Montes uses corporate/LLC entities that are interchangeable in his mind in an effort to avoid judgment creditors," and that "he was not aware of the extent of Montes' involvement in his customer's [*sic*] robocalling endeavors." Dkt. 134, at 3, 4. But the February 2018 deposition transcript speaks for itself. Cunningham's assertions that he did not have prior knowledge of the allegations he now seeks to add to the complaint are belied by the transcript and aren't credible.

Nor does Cunningham explain why he couldn't have earlier pleaded causes of action under 47 C.F.R. § 64.1200(d). Although Cunningham never actually explains what the underlying factual basis for these new causes of action are, presumably they have to do with

4

defendants' alleged failure to "institute[] procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on [their] behalf." 47 C.F.R. § 64.1200(d). This was a subject of extensive discussion at Cunningham's February 2018 deposition of Montes. *See* Dkt. 131 (Montes Dep. 25:7–27:18; 46:15–48:16; 65:14–66:16; 78:13–79:13).

Even if Cunningham didn't know the factual basis for his proposed amendments before the January 14, 2019 deposition, he never explains why he waited until 11 days before the dispositive motions deadline to take the deposition of the key defendant. Absent some reasonable explanation, this alone would be grounds for concluding that Cunningham unduly delayed in seeking to amend his complaint. A party cannot wait until the last minute to conduct important discovery and then change the scope of the case in light of information that he could have obtained before.

**B. Undue prejudice**

Allowing Cunningham to amend the complaint at this late hour would also cause undue prejudice to defendants. Because Cunningham proposes to add two new counts and assert a new theory of liability, defendants say that they would need to conduct additional discovery and file a new motion for summary judgment. Cunningham says that additional discovery should not be necessary, but he does not dispute that his amendment will require defendants to re-draft and re-file their summary judgment motion.[1] This, in turn, will likely require the court to strike the June 10, 2019 trial date, which it will not do.

---

[1] In his opening brief filed on the dispositive motions' deadline, Cunningham volunteered that he "has no objection to a reasonable extension of time for defendant[s] to file [their] dispositive motion." Dkt. 120, at 1. But this offer was not helpful because Cunningham made it the same day dispositive motions were due, so he must have known that defendants had already drafted

5

Cunningham cites two unreported Northern District of Illinois cases in which district courts granted plaintiffs leave to amend to add new parties and allegations, even after the close of summary judgment, and even when plaintiffs had unduly delayed in conducting relevant discovery or failed to show that they were relying on newly discovered evidence. *See Santara v. Starwood Hotel & Resorts Worldwide, Inc.*, No. 05 c 6391, 2007 WL 3037098 (N.D. Ill. Oct. 16, 2007); *Serfecz v. Jewel Food Stores, Inc.*, No. 92 C 4171, 1997 WL 543116 (N.D. Ill. Sept. 2, 1997). These cases are easily distinguishable because neither one was facing down an imminent trial date. In this district, courts routinely deny eleventh-hour motions for leave to amend when the plaintiff is unable to demonstrate that it has discovered new information warranting a late amendment and the amendment would imperil the schedule. *See, e.g.*, *Pope v. Espeseth, Inc.*, 228 F. Supp. 3d 884, 887 (W.D. Wis. 2017), *appeal dismissed sub nom. Pope v. Espeseth, Inc.*, No. 17-3082, 2018 WL 1738817 (7th Cir. Mar. 21, 2018); *Arrigo v. Link Stop, Inc.*, No. 12-cv-700-BBC, 2013 WL 12234203, a *2 (W.D. Wis. May 23, 2013); *Jakes v. MacArthur Co.*, No. 09-cv-133-SLC, 2010 WL 547572, at *1–2 (W.D. Wis. Feb. 9, 2010). For those reasons, the court will deny Cunningham leave to file a second amended complaint.

---

their motion.

ORDER

IT IS ORDERED that plaintiff Craig Cunningham's motion for leave to file a second amended complaint, Dkt. 120, is GRANTED in part and DENIED in part, consistent with the discussion above. The clerk of court is directed to amend the caption to replace "Michael Montes" with "Michael Montes Jr."

Entered February 12, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge