UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CRAIG CUNNINGHAM,

        Plaintiff,

v.

MICHAEL MONTES, Tollfreezone.com, Inc.,
Mydataguys.com, LLC, Podmusicgear.com, Inc.,
Tollfreezone.com, Inc., dba Docauditor.com,
Tollfreezone.com, Inc., dba Mobile Trackme,
Emailmyvmail.Com, Inc., and John and Jane Does 1-10,

        Defendants.

Case No. 16-cv-761

## DEFENDANTS' RESPONSES TO
## PLAINTIFF'S PROPOSED FINDINGS OF FACT

NOW COMES Defendants by and through their legal counsel, Axley Brynelson, LLP, by Kevin D. Trost, and for their Responses to Plaintiff's Proposed Findings of Fact, state as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted in part. Human intervention is needed to start and/or stop the call campaign. (Dkt. 127, 70.) Additionally, Defendants do not own the auto-dialing server through which calls are placed. (Dkt. 127, 38.)

5. Admitted.

6. Admitted in part. Montes did not set up customer accounts with a Panamanian company for users; accounts were set up on Defendants' website. (Dkt. 127, 37-38).

2

Technologic/Dialer.TO is a third party server platform through which auto dialing calls are placed. (Dkt. 127, 38).

    7.    Admitted.

    8.    Denied. Montes' testimony was specific to certain political customers. (Dkt. 127, 101-102, 117-118).

    9.    Denied. Montes' testimony was specific to certain political customers. (Dkt. 127, 101-102, 117-118).

    10.    Admitted.

    11.    Admitted.

    12.    Admitted.

    13.    Admitted.

    14.    Admitted.

    15.    Admitted.

    16.    Admitted.

    17.    Admitted.

    18.    Admitted in part. Montes' testimony is simply that a customer requires a dialer company to place the autodialed calls. (Dkt. 127, 120.)

    19.    Admitted.

    20.    Admitted.

    21.    Admitted.

    22.    Admitted in part. No time period was specified in Montes' testimony as to when these individuals or companies used Defendants' platform. (Dkt. 127, 119-120.)

23. Admitted in part. To clarify, there is no testimony or evidence that Elite Profit System Enagic, Tidom, and Secret Success Machine a/k/a SSM were companies owned by Defendants. (Dkt. 127, 28-29.)

24. Denied. Admitted that Plaintiff received unsolicited telemarketing calls. Denied that the identified individuals and businesses were customers of Defendants at the time any calls were received by Plaintiff. Such a statement is a conclusion and is unsupported by the testimony and outside of this declarant's knowledge. Moreover, Montes denied that Brian Kaplan was ever a client of Defendants. (Dkt. 127, 30-31.) Additionally, denied that Plaintiff's declaration provides any admissible evidence that any calls he received were made through Defendants' website.

25. Admitted in part. Admit that Plaintiff received unsolicited telemarketing calls. Admitted that the names of said businesses are listed on a drop down menu titled "Type of Business" on autodialer123.com.

26. Admitted in part. Admit that Plaintiff received unsolicited telemarketing calls. It is inadmissible hearsay whether any of the four referenced individuals obtained Plaintiff's telephone number through Defendant Montes. No declaration or affidavit has been submitted from any of the four individuals.

27. Admitted in part. Admit that Plaintiff received unsolicited telemarketing calls between 2015 and 2018.

28. Denied. This proposed fact is actually a conclusion, not a fact. Other facts suggest Plaintiff maintains his cellular telephone numbers for the purpose of TCPA lawsuits. Plaintiff has filed 153 TCPA-related lawsuits on behalf of himself since 2006. (Plaintiff's Responses to Defendants' Proposed Findings of Fact, 2-3, Dkt 138.) He was aware of the

Federal Do Not Call Registry since before 2015; however, he has never registered any of his three cell phone numbers with this registry. (*Id.*, 17-18.) A district court has previously described Cunningham as "a serial plaintiff in cases involving unsolicited telemarketing." *Cunningham v. Rapid Response Monitoring Services, Inc.*, 251 F. Supp. 3d, 1187, 1191 (N.D. Tenn. 2017).

29. Denied. This proposed fact is actually a conclusion, not a fact. Other facts suggest Plaintiff maintains his cellular telephone numbers for the purpose of TCPA lawsuits. Plaintiff has filed 153 TCPA-related lawsuits on behalf of himself since 2006. (Plaintiff's Responses to Defendants' Proposed Findings of Fact, 2-3, Dkt 138.) He was aware of the Federal Do Not Call Registry since before 2015; however, he has never registered any of his three cell phone numbers with this registry. (*Id.*, 17-18.) A district court has previously described Cunningham as "a serial plaintiff in cases involving unsolicited telemarketing." *Cunningham v. Rapid Response Monitoring Services, Inc.*, 251 F. Supp. 3d, 1187, 1191 (N.D. Tenn. 2017).

30. Denied. This proposed fact is actually a conclusion, not a fact. Other facts suggest Plaintiff maintains his cellular telephone numbers for the purpose of TCPA lawsuits. Plaintiff has filed 153 TCPA-related lawsuits on behalf of himself since 2006. (Plaintiff's Responses to Defendants' Proposed Findings of Fact, 2-3, Dkt 138.) He was aware of the Federal Do Not Call Registry since before 2015; however, he has never registered any of his three cell phone numbers with this registry. (*Id.*, 17-18.) A district court has previously described Cunningham as "a serial plaintiff in cases involving unsolicited telemarketing." *Cunningham v. Rapid Response Monitoring Services, Inc.*, 251 F. Supp. 3d, 1187, 1191 (N.D. Tenn. 2017).

31. Denied. This proposed fact is actually a conclusion, not a fact. Other facts suggest Plaintiff maintains his cellular telephone numbers for the purpose of TCPA lawsuits.

Plaintiff has filed 153 TCPA-related lawsuits on behalf of himself since 2006. (Plaintiff's Responses to Defendants' Proposed Findings of Fact, 2-3, Dkt 138.) He was aware of the Federal Do Not Call Registry since before 2015; however, he has never registered any of his three cell phone numbers with this registry. (*Id.*, 17-18.) A district court has previously described Cunningham as "a serial plaintiff in cases involving unsolicited telemarketing." *Cunningham v. Rapid Response Monitoring Services, Inc*., 251 F. Supp. 3d, 1187, 1191 (N.D. Tenn. 2017).

32. Denied. This proposed fact is actually a conclusion, not a fact. Other facts suggest Plaintiff maintains his cellular telephone numbers for the purpose of TCPA lawsuits. Plaintiff has filed 153 TCPA-related lawsuits on behalf of himself since 2006. (Plaintiff's Responses to Defendants' Proposed Findings of Fact, 2-3, Dkt 138.) He was aware of the Federal Do Not Call Registry since before 2015; however, he has never registered any of his three cell phone numbers with this registry. (*Id.*, 17-18.) A district court has previously described Cunningham as "a serial plaintiff in cases involving unsolicited telemarketing." *Cunningham v. Rapid Response Monitoring Services, Inc*., 251 F. Supp. 3d, 1187, 1191 (N.D. Tenn. 2017).

33. Admitted in part. Admit that Plaintiff kept track of the calls at issue in this case and filed this lawsuit. His motivations for doing so are not facts but conclusions, especially in light of his serial history of filing TCPA lawsuits.

Dated this 25th day of February, 2019.

        AXLEY BRYNELSON, LLP

        *Electronically signed by Kevin D. Trost*
        Kevin D. Trost, State Bar No. 1028231
        Attorneys for Defendants
        P.O. Box 1767
        Madison, WI  53701-1767
        Tel: (608) 257-5661/ Fax: (608) 257-5444
        ktrost@axley.com