**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WISCONSIN**

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 3:16-cv-00761-jdp |
| | ) | |
| v. | ) | Honorable Judge James D. Peterson |
| | ) | |
| MICHAEL MONTES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS AND VERDICT FORM**

Now comes the Plaintiff, CRAIG CUNNINGHAM, by and through his attorney, and pursuant to the Court's Preliminary Pretrial Conference Order (Dkt. #98), Plaintiff submits the following proposed jury instructions and verdict form:

**I.     Requested Modifications to the Court's Standard Civil Jury Instructions**

A.     Pretrial Instructions: Plaintiff requests that the Court give the Standard Pretrial Civil Jury Instructions as set forth by the Court in the Preliminary Pretrial Conference Order, but requests the following changes:

1.     Delete the paragraph under the "Burden of Proof" section discussing "clear and convincing" evidence, as that standard will not be involved at trial.

2.     Delete the "Experts" section, as there will be no expert testimony at this case.

B.     Post-Trial Instructions: Plaintiff requests that the Court give the Standard Post-Trial Instructions as set forth by the Court in the Preliminary Pretrial Conference Order, but requests the Court delete the "Middle Burden of Proof" section, as that standard will not be involved at trial.

**II.     Plaintiff's Proposed Special Jury Instructions**

Plaintiff proposes the following jury instructions related to the specific issues in this case.

**Plaintiff's Proposed Jury Instruction No. 1**

**Description of Case and Claims**

The Plaintiff, Craig Cunningham, alleges that he received automated telemarketing calls from several individuals and businesses who were customers of Defendants, which were made without Plaintiff's consent. Defendants provided access to a website portal, training, technical support, and other services that enabled their customers to make the automated telemarketing calls Plaintiff received. Plaintiff sued Defendants, claiming Defendants were so involved in the placement of their customers' telemarketing calls to be deemed to have made those calls, thereby violating ta federal law called the Telephone Consumer Protection Act, otherwise known as the TCPA.

Sources

Dkt. #117, *First Amended Complaint*

Dkt. #127, *Deposition of Michael Montes* (January 14, 2019), p. 37, line 12 through p. 38, line 1; p. 38, line 6 through p. 39, line 9; p. 23 line 17 through p. 24, line 12; p. 41, line 7 through p. 42, line 1; p. 55, lines 1-6; p. 84, lines 13-19; p. 102, lines 1-4; p. 117, lines 10-24; p. 102, line 19 through p. 110, line 9; p. 120, lines 13-21; p. 44, lines 7-10; p. 77, lines 2-19; p. 82, lines 9-19; p. 85, line 23 through p. 86, line 7; p. 87, lines 12-22; p. 92, lines 9-19; p. 95, lines 10-19; p. 96, line 20 through p. 97, line 4; p. 100, line 17 through p. 101, line 1; p. 101, lines 12-21; p. 77, lines 2-19; p. 80, lines 8-12; p. 92, lines 9-19; p. 94, line 1 through p. 95, line 6; p. 100, line 17 through p. 101, line 11; p. 90, line 9 through p. 91, line 3; p. 120, lines 7-12.

**Plaintiff's Proposed Jury Instruction No. 2**

**TCPA Legislative History**

Congress passed the TCPA to address the large volume of complaints by Americans about abuses of telephone technology, including computerized telephone calls and telemarketing calls.

Sources

*Mims v. Arrow Financial Services*, 565 U.S. 368, 370 (2012)

**Plaintiff's Proposed Jury Instruction No. 3**

**TCPA Enacted to Protect Consumers**

The TCPA is a federal consumer protection law that was passed to protect consumers from unwanted automated telephone calls and telemarketing calls.

Sources

*Gager v. Dell Financial Services, LLC*, 727 F.3d 265, 268, 271 (3rd Cir. 2013), citing to S. Rep. 102– 178, at 5 (1991), reprinted in 1991 U.S.C.C.A.N. 1968, 1972 ("Congress passed the TCPA to protect individual consumers from receiving intrusive and unwanted calls…Our decision is also in line with the purpose of the TCPA…Because the TCPA is a remedial statute, it should be construed to benefit consumers.")

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009) (discussing TCPA's purpose of curbing calls that are a nuisance and an invasion of privacy)

*Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993, 997 (3rd Cir. 2011) (similarly construing the FDCPA broadly to effect its purpose)

*Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. at 15391-92, ¶ 2 (discussing the TCPA's purpose of protecting consumers against unwanted contact from automated dialing systems)

**Plaintiff's Proposed Jury Instruction No. 4**

**TCPA Prohibitions**

The TCPA prohibits anyone from using an automatic telephone dialing system or an artificial or prerecorded voice to make calls to telephones assigned to a cellular telephone service, unless the caller has the prior express consent of the person who owns that telephone.

Sources

47 U.S.C. § 227(b)(1)(A)

*Mims v. Arrow Financial Services*, 132 S.Ct. 740, 745 (2012)

*Maes v. Charter Communications,* 345 F.Supp.3d 1064, 1069 (W.D.Wisc. 2018)

**Plaintiff's Proposed Jury Instruction No. 5**

**Prior Express Consent**

"Prior express consent" means that before a call was placed to any of Plaintiff's cellular telephone numbers, Plaintiff had given an invitation or permission to receive calls to that number.


Sources

*Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 551 (6th Cir. 2015)

**Plaintiff's Proposed Jury Instruction No. 6**

**Automatic Telephone Dialing System**

The TCPA defines an "automatic telephone dialing system," or ATDS, as equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, and to dial such numbers. This includes equipment that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

Sources

47 U.S.C. § 227(a)(1)

**Plaintiff's Proposed Jury Instruction No. 7**

**Predictive Dialer**

A "predictive dialer" is equipment that dials telephone numbers and assists telemarketers in predicting when a sales agent will be available to take calls. A predictive dialer is an "automatic telephone dialing system" under the TCPA's definition.

Sources

*Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14091–93 ¶¶ 131-33 (2003).

*Maes v. Charter Communications,* 345 F.Supp.3d 1064, 1069 (W.D.Wisc. 2018)

**Plaintiff's Proposed Jury Instruction No. 8**

**Unanswered Calls Violate the TCPA**

Each call that Defendants' customers, with Defendants' involvement, made to Plaintiff using an ATDS would count as a separate violation of the TCPA, regardless of whether Plaintiff answered a call or not.

Sources

*King v. Time Warner Cable*, 113 F.Supp.3d 718, 725 (S.D.N.Y. 2015) ("TWC violated the statute each time it placed a call using its ATDS without consent, regardless of whether the call was answered by a person, a machine, or not at all."), *vacated and remanded on other grounds,* 894 F.3d 473 (2nd Cir. 2018)

*Castro v. Green Tree Servicing LLC*, 959 F.Supp.2d 698, 720 (S.D.N.Y. 2013) ("[F]or purposes of Plaintiffs' TCPA claim, it is immaterial whether the Plaintiffs picked up all of Defendants' calls or whether several of the calls went unanswered.")

*Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 953-54 (9th Cir .2009) (holding that "to call" in the TCPA means "to communicate with or try to get in communication with a person by telephone.");

*Fillichio v. M.R.S. Assocs*., No. 09-61629-CIV, 2010 WL 4261442, at *3 (S.D.Fla. Oct. 19, 2010) (The TCPA "does not include [ ] a requirement ... that the recipient of a call must answer the phone or somehow be aware of the call in order for there to be a violation.")

9

**Plaintiff's Proposed Jury Instruction No. 9**

**TCPA Strict Liability**

The TCPA is a "strict liability" statute. It is not a defense for Defendants to claim that they did not intend for Plaintiff to receive the telemarketing calls at issue or that they did not intend to violate the TCPA. The TCPA permits Plaintiff to recover damages even if Defendants' conduct was unintentional.


Sources

*Alea London Ltd. v. American Home Services, Inc.*, 638 F.3d 768, 776 (11th Cir. 2011), citing

*Penzer v. Transp. Ins. Co.*, 545 F.3d 1303, 1311 (11th Cir. 2008)

*Harris v. World Financial Network Nat. Bank*, 867 F.Supp.2d 888, 892 (E.D.Mich. 2012)

*Melrose Hotel Co. v. St. Paul Fire and Marine Ins. Co.*, 432 F.Supp.2d 488, 504 (E.D.Pa. 2006)

**Plaintiff's Proposed Jury Instruction No. 10**

**Do-Not-Call Requests**

Persons or entities who make telemarketing calls are required to have procedures for maintaining a list of people who request not to receive telemarketing calls from them, including a written policy, available upon demand, for maintaining a do-not-call list. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

If a person or entity making a telemarketing call receives a request from the recipient of the call not to receive calls from that person or entity, they must record the request and place the subscriber's name and telephone number on the do-not-call list at the time the request is made. Persons or entities making telemarketing calls must honor a do-not-call request within thirty days from the date of the request.

In addition, a person or entity making a telemarketing call must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

Sources

47 C.F.R. § 64.1200(d)

**Plaintiff's Proposed Jury Instruction No. 11**

**Defendants' Level of Involvement in the Telemarketing Calls**

A person or entity can be so involved in the placing of a telephone call as to be deemed to have initiated the call. Persons or entitles who control or are deeply involved in making automated calls, and those who knowingly allow an auto-dialing system to be used to make prohibited calls can be held liable under the TCPA. A provider of auto-dialing services cannot simply blame his customers for TCPA violations that result from their use of his service. Plaintiff claims that Defendants were so involved in the placing of the telemarketing calls he received as to be deemed to have initiated those calls.

Sources:

Dkt. #154, *Opinion and Order granting in part and denying in part Defendants' Motion for Summary Judgment,* at p. 10-12

*Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, FCC 15-72, 30 FCC Rcd. 7961, 7980-7981, ¶ 30 (July 10, 2015), *set aside in part on other grounds by ACA International v. Federal Communications Commission*, 885 F.3d 687, (D.C.Cir. 2018).

**Plaintiff's Proposed Jury Instruction No. 12**

**Negative Inference Presumption**

**(to be given if Plaintiff's Motion for Sanctions (Dkt. #151) is granted)**

Certain evidence related to Plaintiff's claims against Defendants is no longer available – specifically, evidence related to the telemarketing calls placed by Defendant's customers or clients to Plaintiff. The Court has found that Defendants had control over this evidence and failed to preserve it, despite knowing that it was material and relevant to this case. Therefore, you must presume that this evidence was unfavorable to Defendants.

(Note: This instruction can be modified depending upon the nature of the Court's ruling on Plaintiff's Motion for Sanctions.)

Sources

Fed. R. Civ. P. 37(e)

Dkt. # 151, *Plaintiff's Motion for Sanctions for Spoliation of Evidence*

*Cohn v. Guaranteed Rate Inc.*, 318 F.R.D. 350, 354 (N.D.Ill. 2016), citing *Jones v. Bremen High School*, 2010 WL 2106640 at *5, No. 08-cv-3548 (N.D.Ill. May 25, 2010)

*Commercial Ins. Co. of Newark N. J. v. Gonzalez*, 512 F.2d 1307, 1314 (1st Cir. 1975)

**Plaintiff's Proposed Jury Instruction No. 13**

**Liability/Conclusion**

Plaintiff was required to prove the following by a preponderance of the evidence:

1.      Whether calls were placed to his cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice without his prior express consent.

2.      Whether those calls were placed by customers or clients of Defendants.

3.      Whether Defendants were so involved in the placement of such calls so as to be deemed to have initiated them.

4.      Whether Plaintiff requested not to receive telemarketing calls from Defendants' customers or clients, and if so, whether Plaintiff's requests were recorded and Plaintiff's name and telephone number placed on a do-not-call list at the time his requests were made.

5.      Whether Defendants' customers or clients making telemarketing calls honored any do-not-call requests made by Plaintiff within thirty days from the date of his requests.

On the Verdict Form you will be provided, you are to answer "Yes" or "No" to each of these questions. If you believe Plaintiff has proven an issue by a preponderance of the evidence, then you should answer "Yes." If you do not believe Plaintiff has proven that issue by a preponderance of the evidence, then you should answer "No."

If you find that Plaintiff proved by a preponderance of the evidence: (1) that calls were placed to Plaintiff's cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice without his prior express consent, and (2) that those calls were placed by

customers or clients of Defendants, and (3) that Defendants were so involved in the placement of those calls so as to be deemed to have initiated them, then you must find in favor of Plaintiff on his automated telephone call claims and determine the number of such calls Plaintiff received. You will enter that number on the Verdict Form. If you do not find that Plaintiff proved all three of these factors by a preponderance of the evidence, then you must find for Defendant on Plaintiff's automated telephone call claims.

If you find that Plaintiff proved by a preponderance of the evidence: (1) that he requested not to receive calls from Defendants' customers or clients, and (2) that Plaintiff's requests were not honored within thirty days from the date the requests were made, and (3) that Defendants were so involved in the placement of those calls so as to be deemed to have initiated them, then you must also find in favor of Plaintiff on his internal do-not-call list claims and determine the number of such calls Plaintiff received. You will enter that number on the Verdict Form. If you do not find that Plaintiff proved all three of these factors by a preponderance of the evidence, then you must find for Defendant on Plaintiff's internal do-not-call list claims.

Sources

Cited above in relation to each particular issue.

15

**Plaintiff's Proposed Jury Instruction No. 14**

**Damages**

If you find that Defendants violated the TCPA and you have determined the number of telephone calls Plaintiff received in violation of the TCPA, then you must calculate the amount of damages to be awarded to Plaintiff. You must first multiply the number of telephone calls Plaintiff received using an automatic telephone dialing system or an artificial or prerecorded voice without his prior express consent by $500 per call and enter that amount of damages on the Verdict Form where indicated. You must then multiply the number of telemarketing calls Plaintiff received after he requested not to receive such calls from any of Defendants' customers or clients by $500 per call and enter that amount of damages on the Verdict Form where indicated. Once you have completed the entire verdict form, the presiding juror should sign and date it where indicated.

Source

47 U.S.C. 227(b)(3)(B)

## VERDICT FORM

### Automated Telephone Call Issues

Were calls placed to Plaintiff's cellular telephones using an automatic telephone dialing system or an artificial or prerecorded voice, without his prior express consent?

Yes _____          No _____

Were those calls placed by customers or clients of Defendants?

Yes _____          No _____

Were Defendants so involved in the placement of those calls so as to be deemed to have initiated them?

Yes _____          No _____

Only if you answered "Yes" to all three of the questions directly above, enter the number of those telephone calls Plaintiff received here: _____

Only if you entered a number of telephone calls directly above, multiply that number by $500 and enter the total amount of damages to be awarded to Plaintiff here: _____

### Internal Do-Not-Call List Issues

Did Plaintiff request not to receive telemarketing calls from any of Defendants' customers or clients?

Yes _____          No _____

If you answered "Yes" to the question above, did any of Defendants' customers or clients from whom Plaintiff requested not to receive telemarketing calls place additional telemarketing calls to Plaintiff more than thirty days after the date of his request?

Yes _____          No _____

17

Only if you answered "Yes" to both of the two questions directly above, enter the number of those

telemarketing calls Plaintiff received here: _____

Only if you entered a number of telemarketing calls directly above, multiply that number by $500

and enter the total amount of damages to be awarded to Plaintiff here: _____


Signed: _____
            Presiding Juror


Dated: _____

RESPECTFULLY SUBMITTED,

CRAIG CUNNINGHAM

By: /s/ David B. Levin
     Attorney for Plaintiff
     Illinois Attorney No. 6212141
     Admitted to Practice in Western District of
     Wisconsin
     Law Offices of Todd M. Friedman, P.C.
     333 Skokie Blvd., Suite 103
     Northbrook, IL 60062
     Phone: (224) 218-0882
     Fax: (866) 633-0228
     dlevin@toddflaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on May 10, 2019, a copy of the foregoing Proposed Jury Instructions was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

/s/ David B. Levin
Attorney for Plaintiff

19